**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE: | CASE NO: 17-34386-SGJ-7 |
| TEXAS E & P OPERATING, INC., | CHAPTER 7 |
| Debtor. | |
| ROBERT YAQUINTO, JR., | ADV. PROC. NO: 19-03231-SGJ |
| Trustee, | |
| v. | |
| KRAGE & JANVEY, LLP, | |
| Defendant. | |

**TRUSTEE'S RESPONSE TO DEFENDANT'S MOTION TO (1) STRIKE PORTIONS OF
AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(f) AND FED R. BANKR.
P. 7012, AND (2) DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R.
CIV. P. 12(b)(6) AND FED. R. BANKR. P. 7012**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... iii

I.    BACKGROUND ................................................................................................................ 1

II.   ARGUMENTS & AUTHORITIES ..................................................................................... 3

    B.    RESPONSE TO DEFENDANT'S MOTION TO DISMISS ............................................ 5

    (1)   Janvey Failed to Establish that the State Law Claims are Barred by the Applicable
    Statute of Limitations. ................................................................................................................ 5

    (2)   The Relation Back Doctrine Applies to the State Law Claims in the Amended
    Complaint. ................................................................................................................................. 9

    (3)   The Trustee's TUFTA Claims are Not Barred by the Statute of Repose. ....................... 12

III.  CONCLUSION AND PRAYER FOR RELIEF ................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

*Adelphia Recovery Trust v. Bank of America, N.A.*, 642 F. Supp.2d 292 (S.D.N.Y. 2009) ......... 14

*Apex Towing Co. v. Tolin*, 41 S.W.3d 118 (Tex. 2001).................................................................. 6

*Carpenter v. Bos. Sci. Corp.*, No. 3:18-CV-02338-L, 2019 WL 3322091 (N.D. Tex. July 24, 2019)................................................................................................................................................ 5

*Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453 (Tex.1996)...................................... 6

*Cooke v. Maxam Tool & Supply, Inc.*, 854 S.W.2d 136 (Tex. App.—Houston [14th Dist.] 1993, writ denied) ................................................................................................................................. 10

*Cypress/Spanish Ft. I, L.P. v. Prof'l Serv. Indus., Inc.*, 814 F.Supp.2d 698 (N.D.Tex.2011)........ 6

*Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d. 367 (6th Cir. 2015)............................................... 11

*F.D.I.C. v. Conner*, 20 F.3d 1376 (5th Cir.1994) ...................................................................... 10

*Flores v. Cameron County*, Tex. 92 F.3d 258 (5th Cir. 1996)...................................................... 10

*HECI Exploration Co. v. Neel*, 982 S.W.2d 881 (Tex. 1998) ................................................... 5, 6

*In re 360networks (USA) Inc.*, 367 B.R. 428 (Bankr. S.D.N.Y. 2007)....................................... 10

*In re American Housing Foundation*, 543 B.R. 245 (N.D. Tex. 2015) ................................... 9, 12

*Janvey v. Suarez*, 978 F. Supp. 2d 685 (N.D. Tex. 2013).......................................................... 5, 6

*Jennings v. Burgess*, 917 S.W.2d 790 (Tex. 1996)....................................................................... 6

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex. 1998) .............. 5

*KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746 (Tex. 1999)............. 5

*Krupski v. Costa Crociere S. p. A.*, 660 U.S. 538 (2010) ............................................................. 9

*Milestone Properties, Inc. v. Federated Metals Corp.*, 867 S.W.2d 113 (Tex. App.—Austin 1993, writ ref d).......................................................................................................................... 10

*Murphy v. Campbell*, 964 S.W.2d 265 (Tex. 1997)................................................................... 5, 7

*Murthy v. Abbott Lab'ys*, 847 F. Supp. 2d 958 (S.D. Tex. 2012)............................................. 9, 10

*In re Uplift RX, LLC*, 625 B.R. 364 (Bankr. S.D. Tex. 2021) ................................................ 13, 14

*S.V. v. R.V.*, 933 S.W.2d 1 (Tex. 1996)................................................................................. 5, 6, 7

*Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830 (Tex. 2018)........................................... 5, 7

*Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 594 B.R. 167 (Bankr. S.D.N.Y. 2018); ................................................................................................................................................... 10

*Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377 (Tex.1945) ............................................... 6

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007)............................................... 4

*TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 357 (5th Cir. 2008).......................................................... 5

*USPPS, Ltd. v. Avery Dennison Corp.*, 326 F. App'x 842 (5th Cir. 2009) ................................... 5

*Williams v. U.S.*, 405 F.2d 234 (5th Cir. 1968)........................................................................... 10

*Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988) ........................................................................ 6

**Statutes**

TEX. CIV. PRAC. & REM. CODE § 16.068 .................................................................................. 9, 10

**Rules**

FED. R. CIV. P. 15(c) Comm. N to 1991 Amendment ................................................................... 9
FED. R. CIV. P. 15(c)(1)(B) ................................................................................................ 9, 10, 11

Plaintiff Robert Yaquinto, Jr., as Chapter 7 Trustee ("Trustee" or "Plaintiff") of Texas E&P Operating, Inc. ("Debtor"), files this *Response to Defendant's Motion to (1) Strike Portions of Amended Complaint Pursuant to Fed. R. Civ. P. 12(f) and Fed. R. Bankr. P. 7012 and (2) Dismiss the Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and Fed R. Bankr. P. 7012* [Dkt 45] (the "Motion").[1] In support thereof, Trustee respectfully shows the Court as follows:

## I.     BACKGROUND

1.      Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 29, 2017 (the "Petition Date"), thereby commencing Bankruptcy Case No. 17-34386-SGJ. [Bankr. DE #1].[2]

2.      On January 19, 2018, Jason R. Searcy was appointed as Chapter 11 Trustee. [Bankr. DE #90].

3.      On July 27, 2018, the Bankruptcy Case was converted to a Chapter 7. [Bankr. DE #209].

4.      On January 23, 2019, Robert Yaquinto, Jr. was appointed as successor Trustee following the unexpected death of Jason R. Searcy.

5.      On November 27, 2019, Trustee commenced this adversary proceeding against Defendant Krage & Janvey, LLP ("Janvey" or "Defendant") (the "Adversary Proceeding"). [Adv. DE #1].

6.      On December 2, 2019, the Court entered a standard scheduling order that set trial in this Adversary Proceeding for June 8, 2020. [Adv. DE #3].

7.      On March 27, 2020 and March 29, 2020, the parties amended the scheduling order by agreement and moved the trial to December 14, 2020. [Adv. DE #8-9].

---

[1] Citations herein to paragraphs or content in the "Motion" are citations to Defendant's Brief in Support [Adv. DE #45].

[2] As used herein, the prefix "Bankr. DE" refers to docket entries in the main Bankruptcy Case. The prefix "Adv. DE" refers to docket entries in this Adversary Proceeding.

8.      On October 23, 2020, Trustee filed an unopposed motion to amend the scheduling order a second time due to the fact that the COVID-19 pandemic had halted the progress of the Adversary Proceeding. [Adv. DE #11]. On October 28, 2022, the Court entered the second amended scheduling order, which moved the trial to January 10, 2022. [Adv. DE #12].

9.      In June 2021, Trustee was, for the first time since the start of the pandemic, able to conduct an in-person review Debtor's hard-copy files at Janvey's office. Before then, Counsel for Janvey had not offered Trustee electronic copies of Janvey's files.

10.     On August 11, 2021, Trustee filed an unopposed second motion to amend the scheduling order based on the pandemic's continued interference with the case, including Trustee's ability to conduct an in-person review of hard-copy files at Janvey's office. [Adv. DE #14]. In addition, the parties wanted time to initiate and conduct settlement discussions. On August 19, 2021, the Court entered the third amended scheduling order, which moved the trial to May 9, 2022. [Adv. DE #15].

11.     Effective January 31, 2022, the parties agreed to toll any limitations that had not expired. Beginning in February 2022, the parties filed a series of agreed motions to abate the case in order to further explore resolution. [Adv. DE #18, 21, 24]. The Court entered each proposed order, ultimately abating the case **until August 31, 2022**. [Adv. DE #20, 23, 25].

12.     Just before the end of the abatement period, the parties' settlement discussions came to an impasse, and, as a result, Trustee prepared and finalized a proposed First Amended Complaint (the "Proposed Amended Complaint").

13.     The Proposed Amended Complaint was a result of Trustee's investigation into documents that Trustee obtained in the course of discovery following the filing of the Original Complaint, including information obtained in Trustee's review of Debtor's hard-copy files at Janvey's office, which the Trustee did not obtain until June of 2021.

## II.    ARGUMENTS & AUTHORITIES

### A.  RESPONSE TO DEFENDANT'S MOTION TO STRIKE

14.    Janvey's motion to strike is unnecessary and without merit. On October 12, 2022, the Trustee filed its Motion for Leave to Amend and attached the Proposed Amended Complaint.[3] In the Proposed Amended Complaint, the Trustee asserted that "[a]t the time of filing his Original Complaint, Trustee's investigation to uncover potential claims against [Janvey] related to [Janvey's] representation of Debtor was in its infancy. This Amended Complaint is a result of the development of that investigation, including documents that were obtained by Trustee in the course of informal discovery, such as Debtor's hard copy files from [Janvey]."[4]

15.    In response to Trustee's Motion for Leave to Amend, Janvey made several of the same arguments that it makes in the Motion, including, that the claims in Trustee's Amended Petition are futile because, among other things, Janvey argues that limitations bars the Trustee's claims and the discovery rule does not apply.[5]

16.    However, in his  Reply in Support of his Motion for Leave to Amend (the "Reply Brief") and at the hearing on same, Trustee set forth additional specific facts and argument addressing the discovery rule.[6] The Court, in its Order Granting Leave to Amend (the "Order"),  found as follows:

> Here, the Trustee/Movant cites as the reasons for the delay: (a) the fact that the original trustee in this case (Jason Searcy) died unexpectedly, and Trustee/Movant inherited the handling of the bankruptcy estate approximately 10 months before the section 546 deadline for filing avoidance actions—and he was, moreover, required to retain a forensic accountant to assist with assessing financial records; and (b) the COVID-19 pandemic began shortly after he filed the Original Complaint (roughly three and one half months after). The Trustee/Movant elaborates that much of the information in the proposed Amended Complaint (which, by the way, is approximately 88 pages in length, compared to the 13 pages in the Original Complaint) was not knowable until obtaining the Defendant's files relating to the Debtor. The Trustee/Movant represents that he began informally trying to obtain the Defendant's files relating to the Debtor as

---

[3] Adv. DE #27 and 27.1
[4] Adv. DE #27.1 at ¶ 27.
[5] *See* Adv. DE #30 at ¶¶ 64-66.
[6] *See* Adv. DE #35 at pp. 14-15.

early as February 2020 (as opposed to serving formal discovery). He was told that most of the files were hard copy, not electronic, and would need to be reviewed at Defendant's physical offices during the pandemic.[7]

It seems conceivable to this court that the new common law causes of action might survive a statute of limitations challenge (apply the state law statute of limitations in conjunction with Section 108) and that the "discovery rule" might be available to the Trustee/Movant as to certain conduct.[8]

17.     To address arguments Janvey made regarding the discovery rule after Trustee moved for leave to amend, as well as to acknowledge this Court's findings rejecting Janvey's argument that the amended complaint was futile, Trustee incorporated by reference the facts and arguments in its Reply Brief, as well as the Court's findings in the Order Granting Leave to Amend, in the Amended Complaint.

18.     Janvey moves to strike any reference in the Amended Complaint to Trustee's Motion for Leave to Amend (which was in the Proposed Amended Complaint), the Reply Brief, and the Order.[9] However, nothing Janvey cites in its Motion justifies "striking" this content.

19.     As Janvey itself admits in the Motion, the Court can take judicial notice of the arguments and prior rulings relating to the claims.[10] Moreover, Janvey cites no case law supporting its conclusory position that facts cited in prior motions or orders issuing findings of fact on relevant issues cannot be incorporated by reference into an amended complaint. In fact, a court is expressly permitted to rely on "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11]

---

[7] Order Granting Motion for Leave [Adv. DE #39] pp. 2-3.

[8] *Id*. at pp. 4-5.

[9] The identified portions simply elaborate on facts already stated in ¶¶25-27 of the Proposed Amended Complaint. *See* Adv. DE #27.1.

[10] *See* Motion [Adv. DE #45] at p. 6, fn. 1.

[11] *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308 (2007).

4

20.    Regardless, the discovery rule does not need to be specifically pleaded in federal court.[12] "[U]nder Rule 8 of the Federal Rules of Civil Procedure, it is enough that the plaintiff plead sufficient facts to put the defense on notice of the theories on which the complaint is based."[13] Trustee has sufficiently alleged facts to put Janvey on notice that the discovery rule applies. Consequently, Janvey's entire motion to strike is pointless.

## B. RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### (1)    Janvey Failed to Establish that the State Law Claims are Barred by the Applicable Statute of Limitations.

21.    Janvey argued that Trustee's "State Law Claims" are barred by statute of limitations. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling...."[14] Generally, a cause of action accrues, and the statute of limitations begins to run, when facts come into existence that authorize a claimant to seek a judicial remedy.[15]

22.    However, the discovery rule is an exception to the general legal injury rule.[16] When the discovery rule applies, the a cause of action does not accrue until the plaintiff "knew or in the exercise of reasonable diligence should have known of the ***wrongful act and resulting injury***."[17] Importantly, where a plaintiff pleads the discovery rule, the defendant bears the burden of conclusively negating its application before dismissal is appropriate.[18] Here, Trustee's State Law

---

[12] *TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5th Cir. 2008).

[13] *Id.*

[14] *USPPS, Ltd. v. Avery Dennison Corp.*, 326 F. App'x 842, 846 (5th Cir. 2009).

[15] *Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 514 (Tex. 1998).

[16] *Taylor v. Trevino*, 569 F. Supp. 3d 414, 422-43 (N.D. Tex. 2021)

[17] *Janvey v. Suarez*, 978 F. Supp. 2d 685, 708 (N.D. Tex. 2013) (emphasis added); *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)); *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997); *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998) (holding the discovery rule shifts the date of the "legal injury" from the time the wrongful action occurred to the time when "[plaintiff] knew or, exercising reasonable diligence, should have known of the facts giving rise to a cause of action").

[18] *See Carpenter v. Bos. Sci. Corp.*, No. 3:18-CV-02338-L, 2019 WL 3322091, at *4 (N.D. Tex. July 24, 2019) (Lindsay, J.) (citing *Schouest v. Medtronic, Inc.*, 13 F. Supp. 3d 692, 708 (S.D. Tex. 2014) (citations omitted)); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999) ("the defendant must ... negate

Claims are not barred by limitations.

23.    *First*, the discovery rule applies on a categorical basis to Trustee's State Law Claims.[19] The Texas Supreme Court has recognized that, when a fiduciary relationship exists (including an *attorney-client relationship*) the discovery rule applies.[20] This is because a person to whom a fiduciary duty is owed is either unable to inquire into the fiduciary's actions or unaware of the need to do so.[21]  As a result, Texas courts have held that the discovery rule categorically applies to: (1) claims in which a fiduciary relationship exists;[22] (2) claims for professional negligence[23] and (3) claims for money had and received.[24]

24.    As stated in *Janvey v. Suarez*, the recognition of the discovery rule's automatic applicability to claims involving a fiduciary relationship (as well as to claims for professional negligence and money had and received) is important because, where a "Plaintiff has invoked the discovery rule, and [where a] Plaintiff's complaint at least plausibly sets out facts where the discovery rule might apply, the Court cannot resolve that issue in the context of [a] Motion to Dismiss."[25]

25.    Here, Trustee alleges that, from November of 2013 through November 2017, Janvey was

---

the discovery rule, if it applies and has been pleaded or otherwise raised"); *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996) ("If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his entitlement to summary judgment.").

[19] *HECI Exploration Co. v. Neel*, 982 S.W.2d at 886.

[20] *See, e.g., Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex.1996); *S.V. v. R.V.,* 933 S.W.2d at 8; *Willis v. Maverick*, 760 S.W.2d 642, 645 (Tex.1988) (holding that fiduciary duty justified the discovery rule).

[21] *S.V. v. R.V.*, 933 S.W.2d at 8.

[22] *See Willis v. Maverick*, 760 S.W.2d at 645 (holding that fiduciary duty justified the discovery rule); *Slay v. Burnett Trust*, 143 Tex. 621, 187 S.W.2d 377, 394 (Tex.1945) (holding in suit by trust beneficiary against trustee that running of limitations was deferred until the beneficiary knew of the acts of the trustee).

[23] *Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 120–21 (Tex. 2001) (Acknowledging that "the discovery rule applies to legal-malpractice cases, so that in such cases, limitations does not begin to run until the client discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of a cause of action.") (citing *Willis v. Maverick*, 760 S.W.2d at 644).

[24] *Taylor v. Trevino*, 569 F. Supp. 3d at 443 (discovery rule applied to money had and received claim).

[25] *Janvey v. Suarez*, 978 F. Supp. 2d at 708 (quoting *Cypress/Spanish Ft. I, L.P. v. Prof'l Serv. Indus., Inc.*, 814 F.Supp.2d 698, 707–08 (N.D.Tex.2011).

Debtor's attorney.[26] As a result, Janvey and Debtor had a fiduciary relationship. Moreover, Trustee's claims against Janvey arise out of that fiduciary relationship, including Trustee's claims against Janvey for knowingly participating in Plummer's breach of fiduciary duty against Debtor, professional negligence, and continuing to hold money that belongs to Debtor.[27] Consequently, as a matter of law, the discovery rule applies to Trustee's State Law Claims, and dismissal is improper. In fact, Janvey does not even address, much less disprove, the discovery rule's categorical application to the Trustee's claims as described herein.

26.     Additionally, the Trustee has asserted that it could not have learned of Janvey's knowing participation in Plummer's breach of fiduciary duty to Debtor or Janvey's professional negligence in connection with the legal services Janvey provided to Debtor between November 2013 and November 2017 until the Trustee was able to review the Debtor's legal files. As described above, Janvey would only make the Debtor's hard copy files available for in person inspection during the pandemic. Notably, at no time did Janvey state that the files were not available electronically, and Janvey actually withheld electronically stored emails that existed on flash drives until the Trustee could review the Debtor's files in person in June of 2021.[28]

27.     ***Second***, Janvey's Motion fails to establish, as a matter of law, when the Trustee "knew or in the exercise of reasonable diligence should have known of the ***wrongful act and resulting injury***" more than two, much less four, years before January 31, 2022.[29] In the Motion, Janvey repeatedly argues that the injury rule applies because the Trustee knew that *Plummer* committed fraud and that *Janvey* represented Debtor (and Plummer) in various legal proceedings relating to

---

[26] Amended Complaint [Adv. DE #41] at ¶¶ 35-39.
[27] *Id.*
[28] Order Granting Motion for Leave [Adv. DE #39] pp. 2-3.
[29] *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d at 834 (quoting *S.V. v. R.V.*, 933 S.W.2d at 4); *Murphy v. Campbell*, 964 S.W.2d at 270.

Plummer's bad acts at the time of filing the *Original Complaint*. However, the Motion does not provide any dates or specific allegations suggesting when Janvey contends Trustee purportedly knew or should have known about ***Janvey's*** wrongful acts or any injury resulting ***from those actions***.[30] Janvey fails to establish, as a matter of law, that the Trustee had any facts regarding ***Janvey's*** knowing participation in Plummer's breach of fiduciary duty or professional negligence at the time of filing the *Original Complaint*.

28.     In fact, while Janvey relies on the "Amended Plummer Complaint" to argue that, at that time, Trustee was aware of Plummer's misconduct, the Amended Plummer Complaint was filed on April 27, 2020.[31] Even presuming that is a sufficient allegation (it is not), Trustee had two years from that date to bring his claims for professional negligence and unjust enrichment and four years from that date to assert a claim for knowing participation in a breach of fiduciary duty. Effective January 31, 2022, three months before the two-year limitations expired, the parties agreed to abate this Adversary and toll any unexpired limitations.

29.     As the Court has already stated in the Order, "[i]t seems conceivable to this court that the new common law causes of action might survive a statute of limitations challenge (apply the state law statute of limitations in conjunction with Section 108) and that the 'discovery rule' might be available to the Trustee/Movant as to certain conduct."[32] Consequently, Janvey has failed to negate the discovery rule and meet its heavy burden to establish that the Trustee's State Law Claims are barred by limitations.[33]

---

[30] *See, e.g.,* Motion [Adv. DE #45] at ¶¶ 5-6.
[31] *Id.* at ¶ 7.
[32] Order Granting Motion for Leave [Adv. DE #39] pp. 4-5.
[33] *Taylor v. Trevino*, 569 F. Supp. 3d at 443.

8

**(2)   The Relation Back Doctrine Applies to the State Law Claims in the Amended Complaint.**

30.     When an amended pleading "relates back" to the date of a timely filed original pleading, it is itself considered timely, even though it was filed outside an applicable statute of limitations.[34]

31.     Janvey asserts that the Trustee's State Law Claims are barred by limitations and do not relate back to the *Original Complaint*. Citing *In re American Housing Foundation*,[35] Janvey asserts that the test for "relation back" is whether the original complaint apprised the defendant of the claims set forth in the amended complaint.[36] However, Janvey seems to be arguing that the relation back doctrine does not apply, per se, to newly alleged causes of action. Janvey is wrong for two reasons.

32.     Janvey simply concludes, without legal or factual support, that Trustee's legal malpractice claims and tort claims bear no relationship to the facts alleged in the *Original Complaint* in either time, type, or otherwise.[37] Janvey is simply wrong.

33.     Importantly, relation back is determined by whichever is more forgiving between state law or federal law.[38] Thus, if state limitations law "affords a more forgiving principle of relation back than" Rule 15(c), such state law "should be available to save the claim."[39] Moreover, since both Rule 15(c) and Tex. Civ. Prac. & Rem. Code § 16.068 are remedial statutes designed to protect

---

[34] *Krupski v. Costa Crociere S. p. A.*, 660 U.S. 538, 541 (2010); Tex. Civ. Prac. & Rem. Code § 16.068 ("If a filed pleading relates to a cause of action … that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes ***the facts or grounds of liability*** … is not subject to a plea of limitation unless the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence.").

[35] 543 B.R. 245 (N.D. Tex. 2015).

[36] Motion [Adv. DE #45] at ¶ 40.

[37] [Adv. DE #45] at ¶¶ 40-42.

[38] *Murthy v. Abbott Lab'ys*, 847 F. Supp. 2d 958, 980 (S.D. Tex. 2012).

[39] *Id.* (citing Fed. R. Civ. P. 15(c) Comm. N to 1991 Amendment).

9

litigants from losing their claims to a limitations period, they "should be liberally construed and applied to effect that purpose."[40]

34.     Under federal law, an amendment to a pleading relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."[41] Under Texas law, the relation back doctrine provides that new facts or claims relate back to timely-filed pleadings "*unless* the amendment or supplement is wholly based on a new, distinct, or different transaction or occurrence."[42] "'[I]f a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in a prior complaint, then relation back is allowed.'"[43]

35.     Moreover, under both Texas and federal law, the once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment *claims* that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.[44] The test does not require that the prior complaint put the defendants on [n]otice of new or additional legal theories.[45] In fact, FED. R. CIV. P. 15(c) provides that "[a]n amendment to a pleading relates back

---

[40] *Milestone Properties, Inc. v. Federated Metals Corp.*, 867 S.W.2d 113, 116 (Tex. App.—Austin 1993, writ ref d); *see Williams v. U.S.*, 405 F.2d 234, 236 (5th Cir. 1968).

[41] *Murthy*, 847 F. Supp. 2d at 979–80 (citing FED. R. CIV. P. 15(c)(1)(B)).

[42] *Id.* (citing TEX. CIV. PRAC. REM. CODE § 16.068 (emphasis added).

[43] *Flores v. Cameron County*, Tex. 92 F.3d 258, 273 (5th Cir. 1996) (quoting *F.D.I.C. v. Conner*, 20 F.3d 1376, 1386 (5th Cir.1994)).

[44] *Flores v. Cameron Cty.*, 92 F.3d at 272–73; *see also FDIC v. Conner*, 20 F.3d at 1385 ("The theory that animates this rule is that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses *or claims* that arise out of the same conduct, transaction, or occurrence as set forth in the original pleading.") (internal quotation marks and citation omitted); *Cooke v. Maxam Tool & Supply, Inc.*, 854 S.W.2d 136, 141 (Tex. App.—Houston [14th Dist.] 1993, writ denied) ("The test to determine whether an amended pleading relates back to an earlier pleading is two-pronged. First, the original cause of action asserted in the first pleading must not have been time barred when filed, and second, the amended pleading which changes the facts or grounds of liability or defense must not be wholly based on a new, distinct or different transaction or occurrence").

[45] *Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 594 B.R. 167, 210 (Bankr. S.D.N.Y. 2018); *In re 360networks (USA) Inc.*, 367 B.R. 428, 434 (Bankr. S.D.N.Y. 2007) (citation omitted).

to the date of the original pleading when ... the amendment asserts a claim or defense that arose

out of the conduct, transaction, or occurrence set out—or attempted to be set out— in the original

pleading."[46] This standard is met if the original and amended complaints allege the same "general

conduct" and "general wrong."[47]

36.     Here, under both Texas and federal law, the Trustee's State Law Claims in the Amended

Complaint relate back to the *Original Complaint*. The State Law Claims arise out of the same

transaction, conduct, or occurrence as the *Original Complaint* and are not based on a wholly new,

distinct, or different transaction. Specifically, the new claims are rooted in:

- the legal services Janvey provided to Debtor from November 29, 2013 through November 28, 2017;

- the payments Debtor made to Janvey for the legal services; and

- the lack of value of the legal services (including whether those services and Janvey's actions actually harmed Debtor).[48]

Thus, contrary to Janvey's assertion, the State Law Claims share the same actors and the

same underlying operative facts and occur during the same time-period as the allegations in the

*Original Complaint*. The Amended Complaint clarifies that the legal services Janvey provided

Debtor during the same time period not only lacked reasonably equivalent value for Debtor, but

were negligently performed, amounted to knowing participation in Plummer's breach of fiduciary

duty to Debtor, and support a claim for money had and received. Construing the relation back

doctrine liberally, as it is required to do, the Court should find that the State Law Claims relate

back to the *Original Complaint*.

---

[46] FED. R. CIV. P. 15(c)(1)(B).

[47] *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d. 367, 375 (6th Cir. 2015) (internal quotation marks and citation omitted).

[48] *See* Adv. DE #1 at ¶¶ 14-16.

11

37.     Janvey's contention that the reasoning in *In re American Housing Foundation* prevents relation back in this case is also wrong.[49] In that case, the trustee filed the original complaint seeking avoidance and recovery of alleged fraudulent transfers made to CitiGroup during the two-year period prior to the petition date. The trustee in that case labelled the transfers collectively as '2–Yr Transfers.'"[50]   The Court *in In re American Housing Foundation* held that the Trustee's factual statement in the original complaint provided **no notice to CitiGroup that trustee was seeking to avoid obligations incurred beyond two years from the petition date**. Here, in contrast, all of Trustee's claims fall within the same four-year time period before Debtor filed for bankruptcy.

### (3)   The Trustee's TUFTA Claims are Not Barred by the Statute of Repose.

38.     *First*, the TUFTA claims, including for the Amended Complaint Transfers, were timely filed in the Original Complaint. In the *Original Complaint*, the Trustee expressly notified Janvey and affirmatively pleaded that he was seeking to recover ***all*** transfers paid by Debtor to Janvey between November 29, 2013 and November 28, 2017. While the Trustee only specifically listed approximately $470,000 in transfers in the *Original Complaint*, Trustee notified Janvey that he was still investigating his claims and could reserved the right to pursue the avoidance of the additional transfers associated with the course of conduct alleged in the O*riginal Complaint*.[51]

39.     Notably, in *Taylor v. Trevino*, Judge Fitzwater rejected any notion that a fraudulent transfer is per se not alleged until each transfer is specifically enumerated. In that case, Judge Fitzwater evaluated whether a prior complaint (the "amended complaint") sufficiently alleged transfers that

---

[49] 543 B.R. 245 (N.D. Tex. 2015).
[50] *Id.* at 250.
[51] *In re Uplift RX, LLC*, 625 B.R. at 376.

12

were not specifically enumerated therein—such that they would still be considered "alleged".[52]

Importantly, Judge Fitzwater's analysis was contingent upon whether the prior complaint

described the transfers with enough specificity to put the defendant on notice that it would be

seeking the later enumerated transfers.

> ***Because*** the amended complaint provides ***no indication that the Receiver intended
> to base his TUFTA claim on transfers to Okpo occurring after February 8, 2016***,
> the court concludes that the Receiver has ***not alleged a TUFTA claim based on
> these transfers***.[53]

40.     If the specific enumeration of an individual transfer was required to render the transfer an

"alleged" TUFTA claim, then Judge Fitzwater's analysis would be irrelevant. In that case, the

court would have simply noted that the transfers the plaintiff was seeking to recover were not

specifically enumerated in the prior complaint, therefore, not sufficiently alleged in the prior

complaint.

41.     ***Second,*** Janvey argues that the Trustee's claims are time-barred by 11 U.S.C. § 546.

However, Judge Isgur has rejected Janvey's argument in *In re Uplift Rx., LLC*. There, the trustee

sought leave to amend the original complaint to add claims based on 13 additional transfers.[54] In

that case, Judge Isgur held that the relation-back doctrine applies to fraudulent transfer claims, and,

if the additional transfer claims satisfy the relation-back requirements of Rule 15(c)(1)(B), the

claims are not time-barred by 11 U.S.C. § 546(a):

> Claims that are the "natural offshoot" or part of the same "basic scheme" arise from
> the same "conduct, transaction, or occurrence" pleaded in the original complaint.
> New avoidance claims are generally treated as separate, distinct transactions that
> do not relate back under Rule 15(c). However, just as claims arising from the same
> "basic scheme" relate back, so too do newly pleaded avoidance claims that arise
> from the same "course of conduct" pleaded in the original complaint. Consequently,
> the Additional Transfer claims will relate back if: (1) the Amended Complaint

---

[52] *Taylor v. Trevino*, 569 F. Supp. 3d at 428 ("At the outset, the court must determine whether the Receiver's TUFTA claim, as pleaded in the [prior complaint], encompasses the transfers to Okpo that occurred *after* February 8, 2016.").
[53] *Id*. at 428–29 (emphasis added).
[54] *In re Uplift RX, LLC*, 625 B.R. 364, 375-376 (Bankr. S.D. Tex. 2021).

alleges that the Additional Transfers were part of a course of conduct alleged in the Original Complaint; and (2) the Original Complaint notified the parties, against whom the Additional Transfer claims are asserted, that the Trustee could pursue avoidance of the Additional Transfers associated with the course of conduct alleged in the Original Complaint.[55]

A "course of conduct" upon which the relation back of avoidance claims may be predicated generally refers to a scheme with a fraudulent purpose.[56]

42.     Here, as this Court has already found, the Amended Complaint alleges that the additional transfers enumerated therein ("Amended Complaint Transfers") were part of the same course of conduct alleged in the *Original Complaint*. The Amended Complaint Transfers occurred during the same identified time period (November 2013-November 2017), are the "natural offshoot" of the same "basic scheme" as alleged in the *Original Complaint*, and arose from the same "conduct, transaction or occurrence."[57]

### III.     <u>CONCLUSION AND PRAYER FOR RELIEF</u>

For the reasons stated herein, Trustee requests that the Court deny Janvey's Motion to Strike and Motion to Dismiss in full and award Trustee all other and further relief, at law or equity, to which he may be entitled.

---

[55] *Id.* at 376 (internal citations omitted).

[56] *Id.*; *see also Adelphia Recovery Trust v. Bank of America, N.A.*, 642 F. Supp.2d 292, 333-34 (S.D.N.Y. 2009) (finding that new fraudulent transfer claims related back because they were part of the same financial fraud scheme alleged in the original complaint).

[57] While TUFTA § 24.010(a) is a statute of repose and substantive state law that generally serves to bar avoidance claims that are not brought within four years of the transfer, the Fifth Circuit recognizes that "[f]ederal law will override state law under the Supremacy Clause when . . . state law conflicts with federal law or its purposes." *Frank v. Delta Airlines Inc.*, 314 F.3d 195, 197 (5th Cir. 2002); *see also H.S. Stanley, Jr. v. Trinchard*, 579 F.3d 515, 519 (5th Cir. 2009) (holding bankruptcy law takes precedence over state laws pursuant to the Supremacy Clause of the U.S. Constitution). Section 544(b)(1) is a federally created cause of action authorizing a trustee to avoid "any transfer of an interest of the debtor in property . . . that is voidable under applicable law" (i.e. state law). 11 U.S.C. § 544(b). This means that when determining whether a newly added claim under § 544(b) is timely made under § 546(a), a court should apply the relation back test set forth in Rule 15(c).

Dated: January 13, 2023

Respectfully submitted,

*/s/ Michael J. Lang*
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra J. Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone:  (214) 817-4500
Facsimile:   (214) 602-6551
***Attorneys for Trustee***

## CERTIFICATE OF SERVICE

The undersigned certifies that, on January 13, 2023, a true and correct copy of this document was served on all counsel of record via electronic filing.

*/s/ Michael J. Lang*
Michael J. Lang

15