John P. Lewis, Jr.
Texas State Bar No. 12294400
James S. Brouner
Texas State Bar No. 0308285
HAYWARD PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone: (972) 755-7106
Facsimile:  (972) 755-7110
Email: JPLewis@HaywardFirm.com
Email: JBrouner@HaywardFirm.com

Greg K. Winslett
State Bar No. 21781900
Richard L. Smith, Jr.
State Bar No. 18671200
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile:  (214) 871-2111
Email: gwinslett@qslwm.com
Email: rsmith@qslwm.com

ATTORNEYS FOR KRAGE & JANVEY, LLP, DEFENDANT

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **TEXAS E & P OPERATING, INC.** | **CASE NO. 17-34386-SGJ-7** |
| **DEBTOR.** | |
| **ROBERT YAQUINTO, JR.,** | |
| **PLAINTIFF,** | |
| V | |
| **KRAGE & JANVEY, L.L.P.,** | **ADVERSARY NO. 19-03231-SGJ** |
| **DEFENDANT.** | |

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO DEFENDANT'S MOTION
TO (1) STRIKE PORTIONS OF AMENDED COMPLAINT PURSUANT TO
FED.R.CIV.P. 12(f) AND FED.R.BANKR.P. 7012, AND (2) DISMISS
PURSUANT TO FED.R.CIV.P. 12(b)(6) AND FED. R. BANKR. P. 7012**

Krage & Janvey, L.L.P. ("Defendant") files this reply to the response of Plaintiff to

Defendant's motion to strike portions of the *Trustee's Amended Complaint* [Doc 41] (the

"Amended Complaint") and to dismiss the Amended Complaint (the "Dismissal Motion"). In

reply, Defendant would respectfully show the Court as follows:

**Defendant's Reply to Trustee's Response to Dismissal Motion – Page 1**

## I.   ARGUMENTS AND AUTHORITIES

### A.   Plaintiff's Incorporation by Reference Violates Pleading Rules.

1.      The pleading standards established by the Federal Rules of Civil Procedure, as incorporated by the Federal Rules of Bankruptcy Procedure, and especially Rule 10(c), are clearly defined.[1] As the authority cited in the Dismissal Motion demonstrates, these standards preclude incorporating statements made in court filings that are not pleadings. Rather than addressing the cited authorities and that defect in his pleading, Plaintiff seeks to circumvent the issue by asserting that the Dismissal Motion fails to "justify" striking the content, that the relief is pointless as the Court may take judicial notice of the arguments and prior rulings relating to the claims, and a complaint may incorporate documents by reference.  That response does not address the pleading requirements of the Federal Rules or the basis for the motion to strike.

2.      These arguments totally miss the mark. First, Plaintiff's effort to incorporate matters from outside the pleadings violates the clear language of Rule 10(c).[2] This alone justifies striking the identified portions from the Amended Complaint. More importantly, the wholesale incorporation of material makes it impossible to respond in the form of an answer to each allegation and argument those items contain.[3] Second, judicial notice, an evidentiary rule,[4] is irrelevant to Plaintiff's compliance with the pleading requirements. Judicial notice involves a court's taking

---

[1] *See*, FED.R.BANKR.P 7008, 7009 and 7010 incorporating FED.R.CIV.P. 8, 9 and 10; *Amanduron v. American Airlines, Inc.*, 2011 WL 13208814 (N.D. Tex., May 25, 2011) ("counsel are reminded that the federal rules contemplate only that statements in pleadings may be adopted by reference. Fed.R.Civ.P. 10(c).  Attempted incorporation by reference of any other material may not be considered by the court.")

[2]  The failure to comply with pleading rules clearly justifies the relief sought. Case law is abundant that failure to satisfy the plausibility standard under Rule 8 and to plead fraud with particularity as required by Rule 9(b) justifies dismissal.

[3] *See*, *Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 300 (5th Cir. 2013) (rejecting notion that pleading did not require particularized allegations, stating "Rule 10(c) did not allow for his incorporation-by-reference of the entire background section with only minimal indication as to what he actually pled. Rule 8(a)(2) requires at least some precision in pleading.").

[4] *See*, FED.R.EVID. 201.

**Defendant's Reply to Trustee's Response to Dismissal Motion – Page 2**

notice of adjudicative facts or a fact "not subject to reasonable dispute," not a party's arguments in a brief.[5] Third, the materials Plaintiff seeks to incorporate by reference are neither attached as exhibits to the Amended Complaint nor are they integral to Plaintiff's claims. Moreover, that they are incorporated by reference or pertain to Plaintiff's pleading of the discovery rule has no bearing on the relief requested. For these reasons, the request to strike such improper portions of the Amended Complaint should be granted.

### B.      Even Applying the Discovery Rule, the State Law Claims are Barred.

3.      For purposes of the Dismissal Motion, whether the discovery rule applies to the State Law Claims is not at issue, as the Dismissal Motion assumes the discovery rule applies to the asserted claims. Here, the issue is whether the claims are barred by limitations even assuming the discovery rule applies. Thus, Plaintiff's initial contention that a court can never resolve the issue of whether the discovery rule applies in the context of a motion to dismiss is not relevant. Clearly, where, as here, the discovery rule is negated, the claims can and should be dismissed.[6] Attempting to avoid this result, Plaintiff continues to argue that "discovery" did not occur until Plaintiff eventually reviewed the Debtor's legal files. [**Plaintiff**'s Response at ¶26]. But under Texas law, "[d]iscovery occurs when a plaintiff has knowledge of such facts, conditions, or circumstances as would cause a reasonably prudent person to make an inquiry that would lead to discovery of the cause of action."[7] Once on notice of the alleged harm, the claimant must investigate and file suit within the limitations period.[8]

4.      Plaintiff's position completely ignores the reality that Plaintiff clearly knew of its

---

[5] *See*, FED.R.EVID. 201.

[6] *Irma Blas v. Rosen*, 2019 WL 5199284 (W.D. Tex. July 16, 2019) (burden on motion to dismiss is either proving discovery rule does not apply <u>or</u> proving that limitations applies in spite of discovery rule).

[7] *Estate of Jobe v. Berry*, 428 S.W.3d 888, 898-99 (Tex. App.—Texarkana 2014, no pet.) (quoting *Trousdale v. Henry*, 261 S.W.3d 221, 234 (Tex.App.-Houston [14th Dist.] 2008, pet. denied)).

[8] *Exxon Corp. v. Emerald Oil & Gas Co., L.C.,* 348 S.W.3d 194, 207 (Tex.2011)

**Defendant's Reply to Trustee's Response to Dismissal Motion – Page 3**

injury and knew it could investigate Defendant as a potentially responsible party from the very beginning of the bankruptcy proceeding. At all relevant times, Plaintiff knew that Defendant represented Mr. Plummer and knew the nature of that representation due to the billing statements attached to Defendant's proof of claim filed on February 6, 2018.  Plaintiff's position, by contrast, would extend the discovery indefinitely, ending only when a plaintiff eventually uncovers what it maintains is evidence of wrongdoing despite having been on notice of the need to investigate years earlier. Contrary to Plaintiff's position, the accrual of any cause of action asserted by Plaintiff did not await Plaintiff's discovery of the alleged cause of the injury, recognition that grounds for a lawsuit existed, or discovery of the allegedly tortious conduct.[9]

5.      Plaintiff makes no attempt to argue that it was not, in fact, on notice of the need to <u>investigate</u> potential claims against Defendant from the beginning of the bankruptcy proceeding, nor could it. Instead, what Plaintiff really argues is that its investigation was delayed, but the discovery rule does not postpone accrual simply because the investigation, which Plaintiff contends was necessary and ongoing, was allegedly hampered by some delay or difficulty.[10]

6.      Similarly, Plaintiff tries to dismiss the admissions he makes in the "Amended Plummer Complaint" as irrelevant to the discovery rule analysis by claiming that, even if considered, limitations on claims against Defendant would have commenced from the filing of that complaint. But this assertion again simply ignores the fact that Plaintiff admitted in that pleading that it was on notice of the need to investigate its alleged damage from the beginning of the bankruptcy.[11]  Moreover, the Response completely ignores Plaintiff's admission in the Amended

---

[9] *Mitchell v. Bolan, Ph.D., et al.*, No. 4:95-CV-528-A (N.D. Tex. July 2, 1996), a*ff'd*, 120 F.3d 266 (5th Cir.1997) (citing *Arabian Shield Dev. Co. v. Hunt*, 808 S.W.2d 577, 585, 589 (Tex.App.—Dallas 1991, writ denied)).

[10] *See, United Healthcare Servs., Inc. v. Synergen Health, LLC*, No. 3:20-CV-00301-E, 2021 WL 512982, at *5 (N.D. Tex. Feb. 11, 2021) (granting 12(b)(6) motion to dismiss on limitations grounds even though plaintiff asserted that delay in discovery was due to a failure to timely respond to discovery).

[11] See, Plaintiff's Original Complaint, *Yaquinto v. Mark Allen Plummer, et al.*, Adv. No. 19-03237 [Doc. 1-1].

**Defendant's Reply to Trustee's Response to Dismissal Motion** – **Page 4**

Complaint that the investigation of Defendant was ongoing before the original Complaint was filed on November 27, 2019.  As noted in the Dismissal Motion, Plaintiff tries to explain away the delay in filing the Amended Complaint by asserting that his investigation was only "in its infancy" when the Original Complaint was filed. The stage of the investigation, however, is completely irrelevant for purposes of the discovery rule. The dispositive fact is that Plaintiff knew of its injury and was, in fact, investigating Defendant as a potentially responsible party.

7.      Plaintiff's cursory treatment of the discovery rule is directly contrary to Texas law as set forth in *Baxter v. Gardere Wynne Sewell LLP*, discussed in detail in Defendant's Brief in Support of the Dismissal Motion.[12] As previously explained, *Baxter*, like this case, involved whether the discovery rule delayed accrual until the plaintiffs knew or should have known of a law firm's alleged involvement with fraud committed by one of the firm's clients.  Like this case, the *Baxter* plaintiffs claimed it was not possible for them to discover the law firm's involvement in the client's misconduct until the law firm made the client's documents available.[13] The court rejected that argument and affirmed judgment in favor of the law firm based on limitations, explaining that "discovery" of the firm's involvement was not impossible because, with minimal investigation, the plaintiffs could have discovered the firm's existence, the firm's representation of the failed client, and that the firm had potentially relevant client documents.[14] All of these facts and factors are present here and compel the same result.

8.      As set forth in the Defendant's Brief, the conclusion that the discovery rule cannot save Plaintiff's claims in this case is even more apparent than in *Baxter*, because here there is no dispute that Plaintiff knew of the existence of Defendant, its representation of Debtor, and that

---

[12] 182 S.W.3d 460, 463 (Tex.App.- Dallas 2006, pet. denied).

[13] *Id*. at 464.

[14] *Id*.

**Defendant's Reply to Trustee's Response to Dismissal Motion** – **Page 5**

client documents were in Defendant's possession.[15] Here, Plaintiff was, in fact, investigating potential claims against Defendant from the beginning of his appointment, or certainly could have been. Plaintiff's "interpretation" of the discovery rule simply cannot be reconciled with the holding in *Baxter*, a case which Plaintiff completely (and conveniently) ignores in the Response.

### C.     The State Law Claims do not Relate Back Under Rule 15(c)(1).

9.      As an initial matter, Plaintiff seems to suggest that the Court's ruling on the Motion for Leave to file the Amended Complaint is somehow dispositive of whether all the counts in the Amended Complaint relate back to the original filing. Of course, the Court did not make any such rulings when disposing of Plaintiff's motion seeking leave to amend.  To the contrary, the Court only noted that on that record it appeared "conceivable" that the claims might survive a limitations defense and that the discovery rule might be available to Plaintiff.  As the Court observed in *In re American Housing Foundation*, the court in that case, like here, did not decide the relation back point when ruling on the motion for leave because that issue has to be considered within the context of the amended complaint, and thus, "the question of whether an amended pleading should be allowed is different from whether all or some of the counts relate back."[16]

10.      As to the merits of the relation back issue, Plaintiff first notes that relation back is determined by either state law or federal law, whichever is more forgiving.  Here, however, there is no distinction between Texas law and federal law on the issue.[17] Under either rule, the critical inquiry is the same: "[w]as the opposing party put on notice of the new claim in the original

---

[15] Plaintiff had Defendant's billing statements since the inception of his appointment as well as the FINRA report, Exhibit B to the Original Plummer Complaint, evidencing Defendant's representations in that matter which was filed in the Debtor's bankruptcy case on December 5, 2017. See Doc 30-1.

[16] *In re American Housing Foundation*, 543 B.R. 245, 264 (Bankr. N.D. Tex. 2015).

[17] *Id*. at 263 (noting that the wording of the Texas Rule and Federal Rule are virtually the same.

**Defendant's Reply to Trustee's Response to Dismissal Motion – Page 6**

pleading?"[18] To resolve this question, the focus is on the <u>facts</u> alleged in the original filing.[19] "'The test is whether the original complaint appraised the [defendant] of the . . . claims set forth in the . . . amended complaint.'"[20] "[T]he underlying facts presented carry the day: Relation back will be permitted where <u>the conduct</u> alleged in the amended complaint refers to substantially the <u>same conduct</u> addressed in the original complaint. Stated simply, parties may amend and elaborate on original facts and grounds for relief but may not go beyond what is alleged in the original complaint."[21]

11.     Under this test, the fraudulent transfer claims asserted in the Original Petition clearly did not place Defendant on notice of the State Law Claims that were bit asserted until many years later. This is evident from the fact that the Original Complaint did not allege <u>any</u> wrongdoing on the part of Defendant. All that was alleged was that Defendant had been paid legal fees. In fact, no <u>conduct</u> by Defendant is even alleged in the Original Complaint, wrongful or otherwise, nor did the fraudulent transfer claims depend upon any alleged wrongdoing by Defendant. This is not surprising, since Defendant's intent or conduct is irrelevant in determining whether Plaintiff is entitled to relief on the fraudulent transfer claims.[22] Even Plaintiff's allegation that the transfers did not confer reasonably equivalent value was not based on any alleged conduct by Defendant, but instead, only on the allegedly fraudulent scheme perpetrated by Debtor, which Plaintiff alleges made the transfers fraudulent as a matter of law.[23]

12.     Despite having made no factual allegations regarding Defendant's alleged conduct

---

[18] *Id.*

[19] *Id.*

[20] *Id.*, citing McGregor v. La. State Univ. Bd. of Supervisors, 3 F.3d 850, 864 (5th Cir. 1993).

[21] *Beshears v. McCool (In re McCool)*, 2019 WL 4781338, at *16 (Bankr. N.D. Tex. Sept. 30, 2019) (emphasis added) (citing *Johnson v. Crown Enters.*, 398 F.3d 339, 343 (5th Cir. 2005)).

[22] *Brown v. Gen. Elec. Capital Corp. (In re IFS Financial Corp.)*, 417 B.R. 419, 439-40 (Bankr. S.D. Tex. 2009).

[23] Case 17-34386, Doc. 313 at ¶14.

**Defendant's Reply to Trustee's Response to Dismissal Motion – Page 7**

in the Original Complaint, Plaintiff nevertheless asserts in the Response that the new factual allegations and State Law Claims now contained in the 58-page Amended Complaint should somehow relate back simply because the new allegations involve conduct that allegedly occurred during the same time period during when the transfers allegedly occurred. Specifically, Plaintiff attempts to distinguish the result in *In re American Housing Foundation,* in which the court held that new claims asserting fraudulent obligations did not relate back to earlier fraudulent transfers claims, at least in part, because the fraudulent obligations were beyond the two-year period covered by the original fraudulent transfers. According to Plaintiff, it is sufficient for relation back purposes that the new factual allegations and new State Law Claims assert fact allegedly occurring within the same time period as the original fraudulent transfers.  But the requirements for relation back cannot be satisfied merely because the newly alleged conduct took place during the same time period as the alleged transfers, and there is no authority supporting such an assertion.  To the contrary, relation back is not, nor has it ever been, dependent solely on the time period at issue.

13.     Moreover, Plaintiff's overly simplistic analysis ignores the portions of the holding in *In re American Housing Foundation* in which the court recognized that the new grounds for relief (involving alleged fraudulent *obligations*) were supported by factual allegations that differed in both time and type, and thus, did not relate back.[24] As the court noted, the word "obligation" did not appear in the original complaint nor did the original complaint give the defendant notice of any attempt to avoid *obligations* or allege facts that supported the newly raised fraudulent obligation counts.[25] The same is true here, where the Original Complaint did not allege any conduct, wrongful or otherwise, on the part of Defendant, nor did it give Defendant notice of or

---

[24] 543 B.R. at 262.

[25] *Id.*

**Defendant's Reply to Trustee's Response to Dismissal Motion** – **Page 8**

allege any facts that would support the newly asserted State Law Claims.[26]

### D.      The Statute of Repose Bars the Plaintiff's TUFTA Claims

14.     The statute of repose of TUFTA bars Plaintiff's claims as to the Additional Transfers. Plaintiff does not contest this premise.   Rather, Plaintiff seeks to circumvent its application by asserting that the claims were timely asserted through the Original Complaint, the claims related back for purposes of FED.R.BANKR.P. 15(c) and that 11 U.S.C. § 544(b)(1) pre-empts the repose statute.  These arguments are not persuasive.

15.     Plaintiff first contends that the Additional Transfers were timely filed as part of the "Original Complaint" based on the allegation that he sought to recover "all transfers" paid to Defendant between the stated time period and that he was still investigating his claims and reserved the right to pursue avoidance of additional claims… associated with the course of conduct alleged" in that complaint. This argument is as unpersuasive as it is contradictory. If the Additional Transfers fell within "all transfers" to Defendant, for what purpose (i.e., "need") was there to reserve the right to pursue avoidance of additional claims. If the Additional Transfers constituted additional claims, then they didn't fall within the Original Complaint's defined "Transfers."[27] Further, the assertion that the Original Complaint afforded notice of an intent to pursue additional transfers associated by a "course of conduct," is groundless as the sole "conduct" alleged in the

---

[26] It should be noted that even the newly asserted claim for money had and received requires elements distinct from a fraudulent transfer claim, i.e., that a defendant holds money which in equity and good conscience belongs to the plaintiff. *Edwards v. Mid–Continent Office Distribs., L.P.*, 252 S.W.3d 833, 837 (Tex. App.–Dallas 2008, pet. denied). Nevertheless, to the extent that the claim for money had and received is simply an alternative theory on which to recover the same money that is the subject of the original fraudulent transfer claim, that claim could conceivably relate back.  The same is not true, however, as to the claims for legal malpractice, negligent supervision/retention, and aiding and abetting breach of fiduciary duty, all of which are dependent upon completely new factual allegations of wrongdoing by Defendant completely absent from the Original Complaint and a host of alleged transaction that are distinct from the transactions alleged in the Original Complaint (the transfer of money).  A claim does not relate back if it is based on a different transaction that is only "loosely derivative of the same occurrence and transaction." *Duzich v. Marine Office of America Corp.*, 980 S.W.2d 857, 873 (Tex.App. - Corpus Christi 1998, pet. denied).

[27] The term "Transfers" in the Original Complaint specifically identified those transfers identified on Exhibit A in the calculated amount.

**Defendant's Reply to Trustee's Response to Dismissal Motion – Page 9**

complaint was the "fraudulent conduct" of Mark Plummer. Every fraudulent transfer intentionally made, by definition, is "fraudulent conduct."

16.     In support of his first argument, Plaintiff relies on *Taylor v. Trevino* for the proposition that claims to avoid fraudulent transfers do not require that each transfer be specifically enumerated. In *Taylor*, the court initially concluded that TUFTA's statute of repose extinguished a receiver's fraudulent transfer claims as to transfers made more than four years prior to filing the action that were specifically listed on an exhibit to an amended complaint. The receiver sought leave to further amend as to transfers made within the four-year period but not previously specifically identified by the receiver on the exhibit.  The court determined that the receiver had not afforded the defendant sufficient notice as to these other transfers, the receiver's request was denied.

17.     Based on the *Trevino* analysis, Plaintiff suggests that the *Trevino* court implicitly recognized that individual transfers need not be specifically identified to support claims under TUFTA. Plaintiff's assumption fails as the sole determination required of the *Trevino* court was whether the amended complaint indicated that the later transfers were included in the receiver's claims. The specific dates of those transfers were simply not relevant.

18.     Plaintiff next contends that *In re Uplift Rx,* LLC, 625 B.R. 364 (Bankr. S.D. Tex. 2021) forecloses Defendant's arguments that TUFTA's statute of repose bars given that the claims relate back Rule 15(c)(1)'s for purposes of 11 U.S.C. § 546. This reliance on *Uplift*, however, is misplaced.  First, unlike in this proceeding, TUFTA's statute of repose was not at issue; thus, the court was not required to consider its application. Second, as the *Uplift* court recognized, the "common course of conduct" analysis involves those fraudulent schemes akin to Ponzi schemes.[28]

---

[28]  See, Uplift, 625 B.R. at 376-77.

**Defendant's Reply to Trustee's Response to Dismissal Motion – Page 10**

This Court has previously ruled that the Debtor's operations did not constitute a Ponzi scheme.[29]

19.     Regardless, as set forth in the Dismissal Motion, Rule 15(c), a federal procedural rule, cannot "revive," "save," or "resurrect" claims already extinguished by a state's substantive law, i.e., TUFTA's statute of repose.

20.     As his last stand, Plaintiff, without authority, suggests that section 11 U.S.C. § 544(b) preempts the application of Texas law.  It is well established that 544(b), as a strong-arm power, allows a trustee to stand in the shoes of an unsecured creditor in existence when the case was filed who could have avoided transfers under applicable state law.[30]

21.     Second, in that capacity the trustee is subject to any defenses available under federal law, i.e., the bankruptcy code, and applicable state law that could be lodged against the unsecured creditor.[31]  With respect to claims asserted under TUFTA these defenses include limitations under 11 U.S.C. § 546 and TUFTA 24.010.[32]

22.     Based on the foregoing, Plaintiff's claims to avoid the Additional Claims must be dismissed as they are barred by the applicable statute of repose.

WHEREFORE, Defendant requests that the Court grant relief requested in the Dismissal Motion and that this Court grant it such other and further relief to which it is justly entitled.

---

[29] *Robert Yaquinto, Jr. v. CBS Radio d/b/a CBS Radio Texas et al.*, Adv. No. 19-03226, 2022 WL 2719472 (Bankr. N.D. Tex., July 13, 2022)

[30] *Genter v. Reed (In re Genter)*, 2020 WL 3129637, at *2 (N.D. Tex. June 12, 2020) (trustee steps into shoes of creditor who may avoid transfer under applicable state law); *.ASARCO, LLC v. Americas Mining Corp.*, 404 B.R. 150, 156 (N.D. Tex. 2009) ("Trustees ... use § 544(b) as a conduit to assert state-law-based fraudulent-transfer claims in bankruptcy."); *Thomas v. Hughes*, 2017 WL 8161010 at *4-5 (W.D. Tex., April 24, 2017).

[31] *Matter of IFS Financial Corp.*, 669 F.3d 255, 261 (5th Cir. 2012) ("The trustee's successor rights arise under federal law, but the extent of those rights depends entirely on applicable state law."), citing, *Matter of Moore*, 608 F.3d 253, 260 (5th Cir. 2010); *Moser, as Plan Trustee of the Trust Under the Amended Joint Plan of Liquidation of Tango Transport, LLC, et al., v. Navistar International Corporation*, 2019 WL 13212421 (E.D. Tex., Jan. 25, 2019) ("When asserting a state-law fraudulent transfer claim under § 544(b)(1), both the relevant federal and state statutes of limitations apply."); *Smith v. Am. Founders Fin., Corp.*, 365 B.R. 647, 675 (S.D. Tex. 2007) ("The trustee is subject to both federal bankruptcy-law limitations periods and the state-law limitations periods applicable to fraudulent-avoidance actions.").

[32] *Id*.

**Defendant's Reply to Trustee's Response to Dismissal Motion** – Page 11

Dated:  January 27, 2023.

Respectfully submitted,

*/ s / John P. Lewis, Jr.*
John P. Lewis, Jr.
Texas State Bar No. 12294400
James S. Brouner
Texas State Bar No. 03087285
HAYWARD PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone: (972) 755-7106
Facsimile:  (972) 755-7110
Email: jplewis@haywardfirm.com
Email: jbrouner@haywardfirm.com

-and-

Greg K. Winslett
State Bar No. 21781900
Richard L. Smith, Jr.
State Bar No. 18671200
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER
PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile:  (214) 871-2111
Email: gwinslett@qslwm.com
Email: rsmith@qslwm.com

ATTORNEYS FOR KRAGE & JANVEY, LLP, DEFENDANT

**Defendant's Reply to Trustee's Response to Dismissal Motion – Page 12**

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2023, a true and correct copy of the foregoing *Defendant's Reply to Trustee's Response to Defendant's Motion to (1) Strike Portions of Amended Complaint Pursuant to FED.R.CIV.P. 12(f) and FED.R.BANKR.P. 7012, and (2) Dismiss the Amended Complaint, in Part, Pursuant to FED.R.CIV.P. 12(b) and FED. R. BANKR. P. 7012* was served by email attachment and electronic transmission through the Court's ECF noticing system on the persons listed below:

Michael J. Lang  (mlang@cwl.law)
Alexandra J. Ohlinger  (aohlinger@cwl.law)
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201

*/s/ John P. Lewis, Jr.*
John P. Lewis, Jr.