**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE:<br><br>TEXAS E&P OPERATING, INC.,<br><br>        Debtor. | CASE NO: 17-34386-SGJ-7<br><br>CHAPTER 7 |
| ROBERT YAQUINTO, JR.,<br><br>        Trustee/Plaintiff,<br><br>v.<br><br>KRAGE & JANVEY, LLP,<br><br>        Defendant. | ADV. PROC. NO: 19-03231-SGJ |

**TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON
CERTAIN AFFIRMATIVE DEFENSES**

Plaintiff Robert Yaquinto, Jr., as Chapter 7 Trustee ("Trustee" or "Plaintiff") of Texas E&P Operating, Inc. ("Debtor") files this *Motion for Summary Judgment on Certain Affirmative Defenses* (the "Motion") pursuant to FED. R. CIV. P. 56 and FED. R. BANKR. P. 7056. In support thereof, Trustee respectfully shows the Court as follows:

**I.   BACKGROUND**

1.     From November 2013 through November 2017, Defendant Krage & Janvey, LLP ("K&J" or "Defendant") was Debtor's attorney.[1]

2.     Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 29, 2017 (the "Petition Date"), thereby commencing Bankruptcy Case No. 17-34386-SGJ.[2]

---

[1] *See* Trustee's First Amended Complaint (the "Complaint") [Adv. DE #41] at ¶¶ 35-39; *see* Defendant's Answer to same [Adv. DE #57] at ¶ 17.
[2] Bankr. DE #1.

Trustee's Motion for Summary Judgment on Certain Affirmative Defenses         Page 1

3.       On November 27, 2019, Trustee commenced this adversary proceeding against K&J (the "Adversary Proceeding").[3]

4.       On December 9, 2022, Trustee filed his *First Amended Complaint* (the "Complaint").[4] In the Complaint, Trustee asserted claims against K&J for: (1) fraudulent transfer; (2) preferential transfer; and (3) knowing participation in / aiding and abetting a breach of fiduciary duty.[5]

5.       On May 3, 2023, K&J filed its Answer to the Complaint (the "Answer").[6] K&J has asserted numerous affirmative defenses to Trustee's claims, including the defenses of attorney immunity and litigation privilege.[7]

6.       The general basis of K&J's "attorney immunity" defense is that K&J is comprised of licensed attorneys, which K&J contends gives it immunity from civil claims "on account of any actions or omissions" it took representing Debtor and its affiliates (or Mark Plummer).[8]

7.       Similarly, the general basis of K&J's "litigation privilege" defense is that, because K&J's representation of Debtor and its affiliates included litigation matters, K&J "is entitled to a litigation privilege on account of any actions or omissions it took in representing its clients in such litigation matters, which privilege protects it from claims that might be asserted against Defendant and the attorneys within the firm on account of such conduct."[9]

8.       As a matter of law, neither of these defenses applies to Trustee's claims in this Adversary Proceeding.

---

[3] Adv. DE #1.
[4] Complaint [Adv. DE #41].
[5] *Id.*
[6] Answer to Complaint [Adv. DE #57].
[7] *Id.* at pp. 16 and 17.
[8] *See* K&J's Response to Interrogatory No. 5 (at p. 9) in Response to Trustee's Second Set of Written Discovery to Krage & Janvey, a true and correct copy of which is attached hereto as **Ex. 1**.
[9] *Id.* at Response to Interrogatory No. 1 (at p. 8).

## II.   ARGUMENTS & AUTHORITY

9.      When a party moves for summary judgment on a claim for which the opposing party will bear the burden of proof at trial, the moving party can meet its summary judgment obligation by pointing the court to the absence of admissible evidence to support the opposing party's claim.[10] Once the moving party does so, the opposing party must go beyond its pleadings and designate specific facts showing there is a genuine issue for trial.[11] An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the opposing party's favor.[12] The opposing party's failure to produce proof as to any essential element of a claim renders all other facts immaterial.[13] Summary judgment is mandatory if the opposing party fails to meet this burden.[14]

### A.  K&J's Attorney Immunity Defense

10.     The defense of attorney immunity is not applicable in this case, where Trustee is bringing claims against K&J for fraudulent transfer and knowing participation in / aiding and abetting Plummer in breaching his fiduciary duty to Debtor (*i.e.*, K&J's client).

11.     Attorney immunity in Texas is a "comprehensive affirmative defense protecting attorneys from liability ***to non-clients***."[15] Texas common law is well settled that an attorney does not owe a professional duty of care ***to third parties*** who are damaged by the attorney's negligent representation of a client.[16] Therefore, a party may not ***sue opposing counsel*** under any theory of recovery for "acts or omissions undertaken as part of the discharge of their duties as attorneys to

---

[10] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986).

[11] *See id*. at 324; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (per curiam).

[12] *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986).

[13] *See Trugreen Landcare, L.L.C. v. Scott*, 512 F. Supp.2d 613, 623 (N.D.Tex.2007) (Fitzwater, J.).

[14] *Little*, 37 F.3d at 1076.

[15] *Troice v. Greenberg Traurig, L.L.P.,* 921 F.3d 501, 505 (5th Cir. 2019) (quoting *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015)) (emphasis added).

[16] *Barcelo v. Elliott*, 923 S.W.2d 575, 577 (Tex.1996); *see also McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 792 (Tex.1999) (explaining that a lack of privity precludes attorneys' liability to non-clients for legal malpractice).

opposing parties in the same lawsuit."[17] "Stated differently, an attorney cannot be held liable ***to a third party*** for conduct that requires 'the office, professional training, skill, and authority of an attorney.'"[18]

12.     Importantly, attorneys are not protected from liability to non-clients for their actions when they do not qualify as "the kind of conduct in which an attorney engages when discharging his duties to his client."[19] For example, the Texas Supreme Court has held that an attorney "will not be heard to deny his liability" for the damages caused by his participation in a fraudulent business scheme with his client, as "such acts are entirely foreign to the duties of an attorney."[20] Consequently, this defense does not apply to Trustee's claims against K&J.

13.     K&J was, at all times, ***Debtor's*** attorney. Trustee is not a third party seeking to hold K&J liable for actions taken as opposing counsel in a lawsuit or transaction. It is seeking to hold K&J liable for: (1) fraudulent transfer; (2) preferential transfer; and (3) knowing participation in / aiding and abetting a breach of fiduciary duty to Debtor, while K&J was acting as Debtor's attorney. As a result, K&J's affirmative defense of attorney immunity fails as a matter of law.

---

[17] *Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex.1996) (Fitzwater, J.) (emphasis added); *see also Renfroe v. Jones & Associates*, 947 S.W.2d 285, 288 (Tex. App.—Fort Worth 1997, writ denied), petition for rehearing filed (January 2, 1998); *Bradt v. West*, 892 S.W.2d 56, 71–72 (Tex. App.—Houston [1st Dist.] 1994, writ denied); *Miller v. Stonehenge/Fasa-Texas, JDC, L.P.*, 993 F. Supp. 461, 464 (N.D. Tex. 1998).

[18] *Miller, JDC, L.P.*, 993 F. Supp. at 464 (quoting *Taco Bell Corp.*, 939 F. Supp. at 532) (emphasis added).

[19] *Cantey Hanger, LLP*, 467 S.W.3d at 482 (Tex. 2015); *Dixon Fin. Servs. Ltd. V. Greenberg, Peden, Siegmyer & Oshman, P.C.*, No. 01-06-0696-CV, 2008 WL 746548, at *9 (Tex. App.—Houston [1st Dist.] March 20, 2008, pet. denied); *see also Chapman Children's Trust v. Porter & Hedges, L.L.P.*, 32 S.W.3d 429, 442 (Tex. App.–Houston [14th Dist.] 2000, pet. denied) (noting that "it is the kind of conduct that is controlling, and not whether that conduct is meritorious or sanctionable").

[20] *Cantey Hanger, LLP*, 467 S.W.3d at 482 (citing *Poole v. Hous. & T.C. Ry. Co.*, 58 Tex. 134, 137 (1882) and *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 382 (Tex. App.–Houston [1st Dist.] 2012, pet. denied) (holding that attorneys were not immune from claims that they knowingly assisted their clients in evading a judgment through a fraudulent transfer).

**B. K&J's Litigation Privilege Defense**

14.     Under Texas's litigation privilege, any communication, oral or written, uttered or published in the due course of a judicial proceeding is privileged and cannot constitute the basis of a civil action in damages *for slander or libel*.[21]

15.     Because the asserted litigation privilege defense applies to slander or libel—and does not apply to or protect an attorney from claims asserted by *a client* for fraudulent transfer or knowing participation in a breach of fiduciary duty—that defense likewise fails as a matter of law.

### III.    CONCLUSION AND PRAYER FOR RELIEF

For the reasons stated herein, Trustee requests that the Court grant this Motion in full and award Trustee all other and further relief, at law or equity, to which he may be entitled.

---

[21] *Ed & F Man Biofuels Ltd. v. MV FASE*, 728 F. Supp. 2d 862, 868–69 (S.D. Tex. 2010).

Dated: February 26, 2024

Respectfully submitted,

/s/ Michael J. Lang
Michael J. Lang
Texas State Bar No. 24036944
mlang@cwl.law
Alexandra J. Ohlinger
Texas State Bar No. 24091423
aohlinger@cwl.law
CRAWFORD, WISHNEW & LANG PLLC
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201
Telephone:  (214) 817-4500
Facsimile:   (214) 602-6551

**Attorneys for Trustee**

## CERTIFICATE OF SERVICE

The undersigned certifies that, on February 26, 2024, a true and correct copy of this document was served on all counsel of record via electronic filing.

/s/ Michael J. Lang
Michael J. Lang

**Exhibit**

**1**

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 17-34386-SGJ-7 |
| TEXAS E&P OPERATING, INC., | CHAPTER 11 |
| Debtor. | |
| ROBERT YAQUINTO, JR., | ADV. PROC. NO. 19-03231-SGJ |
| Trustee, | |
| v. | |
| KRAGE & JANVEY, LLP, | |
| Defendant. | |

### DEFENDANT'S RESPONSE TO TRUSTEE'S
### WRITTEN DISCOVERY TO KRAGE & JANVEY

TO:   Plaintiff, Robert Yaquinto, Jr., Chapter 7 Trustee, by and through his counsel of record, Michael J. Lang, Esq., Crawford Wishnew & Lang, PLLC, 1700 Pacific Avenue, Suite 2390, Dallas, Texas 75201.

Pursuant to Rules 7033, 7034, and 7036 of the FEDERAL RULES OF BANKRUPTCY PROCEDURE and Rules 33, 34 and 36 of the FEDERAL RULES OF CIVIL PROCEDURE, Defendant, Krage & Janvey, LLP ("*Defendant*"), responds to the written discovery requests ("*Requests*") propounded in the captioned Adversary Proceeding by Plaintiff, Robert Yaquinto, Jr., as Trustee for Texas E&P Operating, Inc. ("*Trustee*" or "*Plaintiff*") as follows:

### PRELIMINARY OBJECTIONS AND RESPONSES APPLICABLE
### TO ALL DISCOVERY REQUESTS

1.      Defendant objects to the *Requests*, and hereby asserts a privilege with respect to the *Requests*, to the extent they seek to discover any information or request the production of documents or things subject to the attorney-client privilege, work product privilege, or any other privilege or

exemption.

2.      Defendant objects to the *Requests* to the extent they seek information or documents protected from disclosure under Texas or other applicable laws.

3.      Defendant objects to any *Requests*, instructions, or directives that any information be provided, or documents or things produced, in a manner not required by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

4.      Defendant objects to any *Requests* to the extent such *Requests* seek discovery of any information or documents beyond the scope of permissible discovery provided by the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure.

5.      Defendant has not completed discovery of the Plaintiff and third parties in this action and therefore Defendant's answers and responses to these *Requests* remain subject to such additional facts and information that Defendant learns through such discovery. Defendant reserves the right to amend or supplement any of the following answers in whole or in part.

6.      Defendant's files and records relating to Mark Plummer, Texas E&P Operating, Inc., and their affiliates are voluminous, consisting of more than 100,000 pages of documents created over more than a 10-year period, all of which have been produced to Plaintiff for inspection and copying. Defendant's representatives have not reviewed all those files and records as of this time and consequently Defendant's responses to these *Requests* remain subject to such review should the same become necessary and any amendments or supplements resulting therefrom.

## DEFINITIONS & INSTRUCTIONS

1. The term "you" or "your" or "Krage & Janvey" refers to Krage & Janvey LLP, along with its partners, attorneys, staff, and anyone acting (or purporting to act) on its behalf.

2. The term "Texas E&P Operating, Inc." or "Debtor" refers to Texas E&P Operating, Inc. and anyone acting (or purporting to act) on its behalf, including but not limited to Mark Plummer. It should be understood that this term is intended to cover the referenced entity through the years irrespective of any name changes and, as such, should be understood to, where necessary, refer to Chestnut Petroleum, Inc. and Chestnut Exploration and Production, Inc.

3.  The "Bankruptcy Case" shall refer to the bankruptcy case of Texas E&P Operating, Inc., Bankruptcy Case No. 17-34386-sgj-7 filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

4.  The "Original Complaint" shall refer to Doc 1 in this Adversary Proceeding Case No. 19-03231-sgj filed on November 27, 2019 by Trustee against Krage & Janvey.

5.  The "Answer" or the "Answer to the Original Complaint" shall refer to Doc 7 in this Adversary Proceeding Case No. 19-03231-sgj filed on December 31, 2019 by Krage & Janvey.

6.  The term "documents" refers broadly to any written, recorded, graphic, or printed matter, including electronic matter, matter stored electronically, and drafts. By way of example only, this term should be understood to include, but not be limited to: (a) all types of "communications" (which means any act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, *e.g.*, e-mails, text messages, electronic messages, messages sent through social media platforms, letters, telegrams, audio and video recordings, memoranda, reports, notes, cards, voicemails, oral conversations, face-to-face meetings, etc.); (b) summaries, notes, reports, and/or minutes of conversations, telephone calls, conferences, meetings; (c) journals, calendars, logs, notes, memos, reports, forecasts; (d) records of any kind, ledgers, statements, invoices, receipts, checks; (e) agreements, contracts, governing documents, items filed with or provided to any court or government agency, proposals, presentations, PowerPoints; (f) photographs, drawings, sketches, graphs, charts, tables, screenshots, printouts, work papers; (g) pamphlets, brochures, advertising literature; (h) any matter as defined by Black's Law Dictionary (11th ed. 2019); and (i) any tangible thing within the scope of the Texas and Federal Rules of Civil Procedure.

7.  Unless specifically defined herein, all other words are to have their ordinary meaning defined at https://www.merriam-webster.com/.

8.  You must either produce the documents and tangible things as they are kept in the usual course of business or organize and label them to correspond with the categories in the request.

9.  All requests for production herein should be understood to include all responsive data or information that exists in electronic or magnetic form and should be produced to Trustee as follows:

    (a).  For all electronic information responsive to these requests that is not in a .doc, .docx, .pdf, .jpeg, .tiff or .png format (i.e., .mp4, .mp3, .xls, .xlsx, ext.) such documents should be produced in their native format to preserve all metadata associated with each file.

    (b).  If a document is converted and produced in .pdf format per the below instructions below, Trustee reserves the right to request a native version of the document produced to examine its metadata.

    (c).  All PDFs should be produced as text searchable with logical document breaks between files.

(d). To the extent any document responsive to these requests has been distributed by e-mail, the scope of these requests shall be interpreted to include the e-mail along with all documents attached thereto. When producing an e-mail having one or more attached documents, you should produce the e-mail and the documents attached thereto, together, in a manner and form that maintains the relationship between the e-mail and the attached documents.

10. If any document requested herein has been lost, discarded, or destroyed, each such document shall be identified as completely as possible. Identification of each document shall include, without limitation, the information required under "privileged or proprietary documents" as well as date of disposal, manner of disposal, reason for disposal, persons authorizing the disposal, persons having knowledge of the disposal, and the person or persons disposing of the documents.

11. If any document or information requested is withheld on the basis of any claim of privilege or work product, or for any other reason is excludable from discovery, identify, for each document withheld:

(a). The person(s) who holds such information or who prepared or authored the document;

(b). the date on which the document was prepared or transmitted;

(c). identify the subject matter of the requested document;

(d). the nature of the document (e.g., letter, telegram, etc.);

(e). the number of pages, attachments and appendices;

(f). the identity of each person who had access to, custody of, and/or who received a copy of the document;

(g). the present custodian;

(h). briefly why the document is claimed to be privileged or to constitute work product, or why it is not otherwise discoverable; and

(i). the request to which the document relates.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** All engagement letters you have with any of the following:

1) Mark Plummer;
2) Texas E&P Operating, Inc. (or Chestnut Petroleum, Inc. or Chestnut Exploration and Production, Inc.);
3) Texas E&P Funding, Inc. (or Chestnut Exploration Incorporated and Chestnut Exploration, Inc.);
4) Plummer Holdings Corp. (or Texas E&P Partners, Inc.);

---

5)   Texas E&P Partners, Inc. (or Plummer Securities, Inc. or Chestnut Energy Partners, Inc. or Chestnut Exploration Partners, Inc.);
6)   Texas E&P Well Service, LLC (or Chestnut Well Service, LLC);
7)   Texas E&P Rig, Inc. (or Chestnut Rig, Inc.); and
8)   Any entity, joint venture, or fund affiliated with Mark Plummer or on behalf of which Mark Plummer signed the engagement letter.

**RESPONSE:**      On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) above and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 2:**   Your files belonging to Texas E&P Operating, Inc.

**RESPONSE:**      Defendant objects to such *Request for Production No. 2* because Defendant disagrees that it possesses any files belonging to Texas E&P Operating, Inc. Without waiving such objection, and regardless of the actual ownership of any "files" possessed by Defendant, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copyies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 3:**   All executed conflicts waivers you have with any of the following:

1)   Mark Plummer;
2)   Texas E&P Operating, Inc. (or Chestnut Petroleum, Inc. or Chestnut Exploration and Production, Inc.);
3)   Texas E&P Funding, Inc. (or Chestnut Exploration Incorporated and Chestnut Exploration, Inc.);
4)   Plummer Holdings Corp. (or Texas E&P Partners, Inc.);
5)   Texas E&P Partners, Inc. (or Plummer Securities, Inc. or Chestnut Energy Partners, Inc. or Chestnut Exploration Partners, Inc.);
6)   Texas E&P Well Service, LLC (or Chestnut Well Service, LLC);
7)   Texas E&P Rig, Inc. (or Chestnut Rig, Inc.); and
8)   Any entity, joint venture, or fund affiliated with Mark Plummer or on behalf of which Mark Plummer signed the conflicts waiver.

**RESPONSE:**      On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents

within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 4:**  All communications between you and Texas E&P Operating, Inc. regarding conflicts of interest or potential conflicts of interest in connection with your representation.

**RESPONSE:**        On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 5:**  All communications between you and Mark Plummer regarding conflicts of interest or potential conflicts of interest in connection with your representation of Texas E&P Operating, Inc.

**RESPONSE:**        On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 6:**  All internal communications regarding conflicts of interest or potential conflicts of interest in connection with your representation of Texas E&P Operating, Inc.

**RESPONSE:**        Defendant objects to the foregoing *Request* as seeking Documents and information protected by, and privileged under, the attorney work product privilege and that would disclose the strategies, mental impressions, judgments, or conclusions of attorneys. Without waiving such objection, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within

its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 7:**  All internal communications regarding conflicts of interest or potential conflicts of interest in connection with your representation of Mark Plummer.

**RESPONSE:**        Defendant objects to the foregoing *Request* as seeking Documents and information protected by, and privileged under, the attorney work product privilege and that would disclose the strategies, mental impressions, judgments, or conclusions of attorneys. Without waiving such objection, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 8:**  All invoices, billing documents and narratives, time entries, and requests for payment of legal fees sent to Texas E&P Operating, Inc. from January 1, 2013 through present, whether or not the invoices were for services provided to Texas E&P Operating, Inc.

**RESPONSE:**        On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 9:**  All invoices, billing documents and narratives, time entries, and requests for payment of legal fees sent to Mark Plummer from January 1, 2013 through present.

**RESPONSE:**        On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 10:** All invoices, billing documents and narratives, time entries that correlate to (and demonstrate what work was performed for) each of the payments

designated in **PLAINTIFF_000001-000002**.

**RESPONSE:**         Defendant objects to the foregoing *Request* because it lacks a proper foundation and assumes facts not in evidence, namely that PLAINTIFF _ 000001 – 000002 is accurate and complete or accurately and correctly identifies payments to Defendant, which assumptions may not be correct or accurate and remains subject to discovery by Defendant and its pending Discovery Requests to Plaintiff.  Without waiving such objection, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 11:** All documents and communications that relate or refer to invoices, billing documents and narratives, time entries, and/or requests for payment of legal fees sent to Texas E&P Operating, Inc. from January 1, 2013 through present, whether or not the invoices were for services provided to Texas E&P Operating, Inc.

**RESPONSE:**         On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 12:** All documents and communications that relate or refer to invoices, billing documents and narratives, time entries, and/or requests for payment of legal fees sent to Mark Plummer from January 1, 2013 through present.

**RESPONSE:**         On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 13:** All documents (including but not limited to, *e.g.*, check copies) demonstrating payment made from Texas E&P Operating, Inc. to you from January 1, 2013 through present.

**RESPONSE:**         On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents

within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 14:** All documents (including but not limited to, *e.g.*, check copies) demonstrating payment made from Mark Plummer to you from January 1, 2013 through present.

**RESPONSE:**         On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copying. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part.

**REQUEST FOR PRODUCTION NO. 15:** All communications between you and Mark Plummer (or anyone else acting or purporting to act on behalf of Texas E&P Operating, Inc.) regarding Texas E&P Operating, Inc. from January 1, 2013 through present. This request should be understood to include (but is in no way limited to) the following:

1) Texas E&P Operating, Inc.'s solvency, financial health, ability to pay its obligations, debts, and liabilities;
2) Texas E&P Operating, Inc.'s debts and liabilities;
3) Texas E&P Operating Inc.'s contractual rights and obligations in connection with its role as an operator on any oil and gas venture;
4) Lawsuits filed against Texas E&P Operating, Inc.;
5) Any plan or potential for Texas E&P Operating, Inc. to file for bankruptcy;
6) Amounts that Texas E&P Operating, Inc. owed vendors in connection with its role as an operator on any oil and gas venture; and
7) Texas E&P Operating, Inc.'s payment of Krage & Janvey's legal fees.

**RESPONSE:**         Defendant objects to the foregoing *Request* as being overly broad and lacking sufficient specificity as to time-period, subject matter, or relevance. Without waiving such objection, in response to Subparts (1) through (7) of such *Request*, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 16:** All internal communications regarding Texas E&P Operating from January 1, 2013 through present. This request should be understood to include (but is in no way limited to) the following:

1) Texas E&P Operating, Inc.'s solvency, financial health, ability to pay its obligations, debts, and liabilities;
2) Texas E&P Operating, Inc.'s debts and liabilities;
3) Texas E&P Operating, Inc.'s contractual rights and obligations in connection with its role as an operator on any oil and gas venture;
4) Lawsuits filed against Texas E&P Operating, Inc.;
5) Any plan or potential for Texas E&P Operating, Inc. to file for bankruptcy;
6) Amounts that Texas E&P Operating, Inc. owed vendors in connection with its role as an operator on any oil and gas venture; and
7) Texas E&P Operating, Inc.'s payment of Krage & Janvey's legal fees.

**RESPONSE:** Defendant objects to the foregoing *Request* as being overly broad and lacking sufficient specificity as to time-period, subject matter, or relevance. Defendant further objects to the foregoing *Request* as seeking Documents and information protected by, and privileged under, the attorney work product privilege and that would disclose the strategies, mental impressions, judgments, or conclusions of attorneys. Without waiving such objections, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 17:** All internal communications that refer or relate to investor accusations against Mark Plummer from January 1, 2013 to present.

**RESPONSE:** Defendant objects to the foregoing *Request* as seeking Documents and information protected by, and privileged under, the attorney work product privilege and that would disclose the strategies, mental impressions, judgments, or conclusions of attorneys. Without waiving such objections, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 18:** The case file for every legal action filed against Texas E&P Operating, Inc. from January 1, 2013 through present in which you represented Texas E&P Operating, Inc.

**RESPONSE:**          On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 19:** The case file for every legal action filed against Mark Plummer from January 1, 2013 through present in which you represented Mark Plummer and for which Texas E&P Operating, Inc. paid your legal fees.

**RESPONSE:**          On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 20:** All documents and communications that demonstrate advice or counsel provided to Texas E&P Operating, Inc. regarding its rights and obligations in connection with lawsuits filed against Texas E&P Operating, Inc. from January 1, 2013 through present. This request should be understood to include (but is in no way limited to) your advice or counsel regarding:

1)      Debt that Texas E&P Operating, Inc. incurred in connection with its role as operator of an oil and gas venture;
2)      Texas E&P Operating, Inc.'s contractual rights and obligations in connection with its role as operator of an oil and gas venture and any governing Operating Agreements;
3)      Any right of Texas E&P Operating, Inc.'s to seek reimbursement for debt incurred as operator of an oil and gas venture;
4)      Any basis for Texas E&P Operating, Inc. to withhold payment from any vendor;
5)      Texas E&P Operating, Inc.'s role as operator; and
6)      Any agreements entered into by Texas E&P Operating, Inc.

**RESPONSE:**          On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in

whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 21:** If you contend that any payment(s) identified in **PLAINTIFF_000001-000002** does not constitute a fraudulent transfer or preference payment, produce all documents and communications you contend support that position.

**RESPONSE:**          Defendant objects to the foregoing *Request* because it lacks a proper foundation and assumes facts not in evidence, namely that PLAINTIFF _ 000001 – 000002 is accurate and complete or accurately and correctly identifies payments to Defendant, which assumptions may not be correct or accurate and remains subject to discovery by Defendant and its pending Discovery Requests to Plaintiff. On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 22:** If you contend that Texas E&P Operating, Inc. received reasonably equivalent value from you for any payment(s) identified in **PLAINTIFF_000001-000002**, produce all documents and communications you contend support that position.

**RESPONSE:**          Defendant objects to the foregoing *Request* because it lacks a proper foundation and assumes facts not in evidence, namely that PLAINTIFF _ 000001 – 000002 is accurate and complete or accurately and correctly identifies payments to Defendant, which assumptions may not be correct or accurate and remains subject to discovery by Defendant and its pending Discovery Requests to Plaintiff.  On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 23:** If you contend that Texas E&P Operating, Inc. was solvent at the time you received any payment(s) identified in **PLAINTIFF_000001-000002**, produce all documents and communications you contend support that position.

**RESPONSE:**          Defendant objects to the foregoing *Request* because it lacks a proper foundation and assumes facts not in evidence, namely that PLAINTIFF _ 000001 – 000002 is accurate and complete or accurately and correctly identifies payments to Defendant, which assumptions may not be correct or accurate and remains subject to discovery by Defendant and its pending Discovery Requests to Plaintiff.  On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections

(1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copyies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 24:** All documents and communications relating to any proceeding with FINRA or the SEC or any other regulatory agency involving Mark Plummer, Texas E&P Operating, Inc., any entity, joint venture, or fund affiliated with Mark Plummer from January 1, 2010 to present.

**RESPONSE:** On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 25:** All documents and communications relating to any investor complaints against Mark Plummer or any entity, joint venture, or fund affiliated with Mark Plummer from January 1, 2010 to present.

**RESPONSE:** On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 26:** All financial records related to Texas E&P Operating, Inc. from January 1, 2013 to present that you have in your possession, custody, or control.

**RESPONSE:** On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 27:** All documents and communications with McGuire

---

Craddock & Strother LLP relating to the Texas E&P Operating, Inc. bankruptcy proceeding (the Bankruptcy Case) prior to and since the filing of the bankruptcy petition.

**RESPONSE:**          None

**REQUEST FOR PRODUCTION NO. 28:** All documents (including but not limited to any agreements and work papers) and communications relating to any and all work you performed related to any joint ventures and projects that were sponsored or offered by entities connected to Texas E&P Operating, Inc. and/or Mark Plummer and any of his related entities, including but not limited to: Chestnut Production Finds I, II, II, IV, Salmon 2W Joint Venture, Enterra (also known as Bronco) Joint Venture,  East Texas 1H Joint Venture, East Texas 2H Joint Venture, Chestnut Lease Fund I, LP, Willacy County Project (Purchased from Flint Oak), Chestnut Opportunity Fund I, LP and any other joint venture or project.

**RESPONSE:**          On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copyies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 29:** All documents and communications relating to any work you performed in order to assist Texas E&P Operating, Inc., Mark Plummer, and/or any other entity decrease the public visibility of negative media articles, lawsuits, or the existence and/or results of government investigations.

**RESPONSE:**          Defendant objects to the foregoing *Request* because it is argumentative, lacks a proper predicate or foundation, assumes facts not in evidence, and mischaracterizes facts, namely that Defendant provided legal services regarding name changes for Texas E&P Operating, Inc. or its affiliates for the purposes stated in such *Request*, which statements or inferences are denied and incorrect. Without waiving such objection, Defendant states that the Documents previously produced to Plaintiff would include Documents related to any "name changes" for which Defendant may have provided legal services. Defendant objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 30:** All documents and communications relating to any work you performed related to the continuance of business operations by Mark Plummer following the bankruptcy of Texas E&P Operating, Inc., including through other entities such as, for example, Richmond Engineering or AP Operating.

**RESPONSE:**          None

**REQUEST FOR PRODUCTION NO. 31:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 3.

**RESPONSE:**          On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 32:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 4.

**RESPONSE:**          On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 33:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 5.

**RESPONSE:**          On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 34:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 6.

**RESPONSE:**          Defendant has objected to Interrogatory No. 6. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 35:** All documents and communications supporting,

demonstrating, evidencing, and/or related to your response to Interrogatory No. 7.

**RESPONSE:** Defendant has objected to Interrogatory No. 7. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 36:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 8.

**RESPONSE:** Defendant has objected to Interrogatory No. 8. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 37:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 9.

**RESPONSE:** Defendant has objected to Interrogatory No. 9. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 38:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 10.

**RESPONSE:** Defendant has objected to Interrogatory No. 10. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has

previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 39:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 11.

**RESPONSE:**        Defendant has objected to Interrogatory No. 11. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 40:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 12.

**RESPONSE:**        Defendant has objected to Interrogatory No. 12. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 41:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 13.

**RESPONSE:**        Defendant has objected to Interrogatory No. 13. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copyies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 42:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 14.

**RESPONSE:**        Defendant has objected to Interrogatory No. 14. However, on June 15 and 16,

---

2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 43:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 15.

**RESPONSE:**        Defendant has objected to Interrogatory No. 15. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 44:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 16.

**RESPONSE:**        Defendant has objected to Interrogatory No. 16. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copyies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 45:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 17.

**RESPONSE:**        Defendant has objected to Interrogatory No. 17. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody On, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 46:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 18.

**RESPONSE:**       Defendant has objected to Interrogatory No. 18. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 47:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 19.

**RESPONSE:**       Defendant has objected to Interrogatory No. 19. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 48:** All documents and communications supporting, demonstrating, evidencing, and/or related to your response to Interrogatory No. 20.

**RESPONSE:**       Defendant has objected to Interrogatory No. 20. However, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 49:** All documents and communications with Mitch Little regarding or relating to Mark Plummer, Texas E&P Operating, Inc., and any/or any venture related to or affiliated with Mark Plummer.

**RESPONSE:**       On June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made

---

available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

**REQUEST FOR PRODUCTION NO. 50:** All internal documents and communications relating or referring to accusations made against Mark Plummer by Mitch Little from January 1, 2010 to January 1, 2013.

**RESPONSE:**        Defendant objects to the foregoing *Request* as seeking Documents and information protected by, and privileged under, the attorney work product privilege and that would disclose the strategies, mental impressions, judgments, or conclusions of attorneys. Without waiving such objections, on June 15 and 16, 2021, Defendant produced to Plaintiff all Documents within its possession, custody, or control related to any of the persons or entities identified in Subsections (1) through (8) of *Request for Production No. 1* and all such Documents were made available to Plaintiff and his counsel for inspection and copying to the extent Plaintiff and his counsel desired such inspection or copies. Plaintiff did, in fact, duplicate and label many of those Documents produced by Defendant. Accordingly, Defendant has previously produced all responsive Documents, if any, within its possession, custody or control and objects to again producing such Documents in whole or in part in response to the subsequently served *Requests*.

## INTERROGATORIES

Defendant objects to the following *Interrogatories* because the number of interrogatories (inclusive of subparts that are distinct and separate requests and that should be counted as separate interrogatories) propounded by Plaintiff exceeds the number of interrogatories permitted under applicable rules without leave of court.

**INTERROGATORY NO. 1:**        Identify all payments you received from Texas E&P Operating, Inc. for legal services by date, payment amount, and method of payment (*e.g.*, check, wire transfer, etc.) from January 1, 2013 through present.

**RESPONSE:**        The information requested by the foregoing *Request* may be obtained from the Documents that Defendant produced to Plaintiff on June 15 and 16, 2021.

**INTERROGATORY NO. 2:**        Identify all attorneys, paralegals, and staff employed by you that worked on any matter involving Texas E&P Operating, Inc., Mark Plummer, or any of the entities, joint ventures, or funds affiliated with Mark Plummer. If the person identified is no longer an employee of Krage & Janvey, please also identify that person's last known phone number, address, and e-mail.

**RESPONSE:**

---

Ralph Janvey
Mark Hendrix
Valerie Thomas
Krage & Janvey, LLP
Suite 2600
2100 Ross Avenue
Dallas, Texas 75201

Paul Sewell
2650 Commerce Way
Kaufman, Texas 75142
469-595-8444

**INTERROGATORY NO. 3:**       Identify all lawsuits (by date the suit was filed, cause number, style, venue, and the amount of the judgment, if any) wherein Texas E&P Operating, Inc. was a named Defendant and in which you represented Texas E&P Operating, Inc. from January 1, 2010 to present.

**RESPONSE:**       The information requested by the foregoing *Request* may be obtained from the Documents that Defendant produced to Plaintiff on June 15 and 16, 2021, and is as readily available to Plaintiff as it is to Defendant.

**INTERROGATORY NO. 4:**       Identify all settlements that Texas E&P Operating, Inc. entered into from January 1, 2010 to present in which you represented Texas E&P Operating, Inc. in the settlement negotiation. Your response to this request should be understood to include, but should not be limited to, the date of the settlement, the party with whom Texas E&P Operating, Inc. settled, any related cause number, the amount of any settlement payment, the entity that made the settlement payment, and any other entity or person who was released in the settlement.

**RESPONSE:** The information requested by the foregoing *Request* may be obtained from the Documents that Defendant produced to Plaintiff on June 15 and 16, 2021, and is as readily available to Plaintiff as it is to Defendant.

**INTERROGATORY NO. 5:**       Identify (by date the suit/proceeding was filed, cause number, style, and venue) all matters (*e.g.*, litigation, regulatory/enforcement, etc.) wherein Texas E&P Operating, Inc. paid for some or more of the legal services you provided, irrespective of whether Texas E&P Operating, Inc. was itself involved in, or a defendant in, or a subject of the matter.

**RESPONSE:**       The information requested by the foregoing *Request* may be obtained from the Documents that Defendant produced to Plaintiff on June 15 and 16, 2021, and is as readily available to Plaintiff as it is to Defendant.

**INTERROGATORY NO. 6:**       Identify and describe all factual and legal bases you have for denying the averments of Paragraph 2 of the Original Complaint.

**RESPONSE:**       Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Request* because it requires Defendant to marshal or muster all its available evidence and/or

---

proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 7:**        Identify and describe all factual and legal bases you have for denying the averments of Paragraph 14 of the Original Complaint.

**RESPONSE:**        Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 8:**        Identify and describe all factual and legal bases you have for denying the averments in the Paragraphs comprising Count 1 of the Original Complaint.

**RESPONSE:** Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 9:**        Identify and describe all factual and legal bases you have for denying the averments in the Paragraphs comprising Count 2 of the Original Complaint.

**RESPONSE:** Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 10:**        Identify and describe all factual and legal bases you have for denying the averments in the Paragraphs comprising Count 3 of the Original Complaint.

**RESPONSE:** Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 11:**        Identify and describe all factual and legal bases you have for denying the averments in the Paragraphs comprising Count 4 of the Original Complaint.

**RESPONSE:**

**INTERROGATORY NO. 12:**        Identify and describe all factual and legal bases you have for denying the averments in the Paragraphs comprising Count 5 of the Original Complaint.

---

**RESPONSE:**         Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 13:**         Identify and describe all factual and legal bases for your affirmative defense that Trustee's claims are barred by the statute of limitations.

**RESPONSE:**         Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 14:**         Identify and describe all factual and legal bases for your affirmative defense that Trustee's claims are barred by laches.

**RESPONSE:**         Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 15:**         Identify and describe all factual and legal bases for your affirmative defense that "to the extent that [you] received any property of Debtor that may be avoided under applicable laws, [you] took such property for reasonably equivalent and present value, in good faith, and without knowledge of the voidability of any such transfer."

**RESPONSE:**         Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 16:**         Identify and describe all factual and legal bases for your affirmative defense that "to the extent that [you] received any property of Debtor that may be avoided under applicable laws, [you] took such property as a subsequent transferee of property for reasonably equivalent and present value, in good faith, and without knowledge of the voidability of any such transfer."

**RESPONSE:**         Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 17:** Identify and describe all factual and legal bases for your affirmative defense that "no transferor of any property allegedly transferred to [you] was insolvent (as such term is defined in either 11 U.S.C. § 101(32) or Section 24.003 of the Texas Business and Commerce Code) at the time of any such alleged transfer to [you]."

**RESPONSE:** Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 18:** Identify and describe all factual and legal bases for your affirmative defense that "the payments and transfers that Plaintiff alleges constitute avoidable preferential transfers were on account of debts incurred by the Debtor in the ordinary course of the business and financial affairs of Debtor and [you] and were made according to ordinary business terms."

**RESPONSE:** Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 19:** Identify and describe all factual and legal bases for your affirmative defense that "after any such alleged preferential transfer or payment, [you] gave new value to or for the benefit of Debtor which was not secured by an otherwise unavoidable security interest and on account of which Debtor did not make an otherwise unavoidable transfer to or for the benefit of [you]."

**RESPONSE:** Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

**INTERROGATORY NO. 20:** Identify and describe all factual and legal bases for your affirmative defense that "any transfer of property to [you] by Debtor within the 90 day period prior to the "petition date" did not enable [you] to receive more on account of any antecedent debt than it would have received as a creditor in a Chapter 7 bankruptcy case commenced on the date of such alleged transfer."

**RESPONSE:** Defendant objects to the use of "all" in the foregoing *Request* and objects to such *Reques*t because it requires Defendant to marshal or muster all its available evidence and/or proof or the evidence and proof that Defendant may offer at trial of this Adversary Proceeding. Defendant further objects to such *Request* because it is premature insofar as Defendant has not completed its discovery in this proceeding.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**      Admit that you do not have an engagement letter with Texas E&P Operating, Inc.

**RESPONSE:**          Denied.

**REQUEST FOR ADMISSION NO. 2:**      Admit that you do not have a conflict waiver signed by Texas E&P Operating, Inc.

**RESPONSE:**          Defendant objects to such Request to the extent it suggests, implies, or assumes that a written "conflict waiver" signed by Texas E&P was required or necessary for any purpose or reason or that such *Request* is relevant to any legal or factual issue in this proceeding. As of this time Defendant has not completed an investigation or review of all its voluminous files and records (consisting of more than 100,000 pages of Documents) in order to acquire sufficient knowledge or information to either admit or deny such *Request.*

**REQUEST FOR ADMISSION NO. 3:**      Admit that you did not provide Texas E&P Operating, Inc. with advice or counsel regarding potential conflicts of interest in connection with your representation.

**RESPONSE:**          Defendant objects to such *Request* because it is vague, ambiguous, confusing, and unclear. Defendant does not understand what is being requested by such *Request*. Defendant further objects to such Request because it lacks a proper predicate and assumes facts not in evidence, such as whether any actual or potential conflicts of interest requiring any advice from Defendant existed as of any relevant time, which is specifically denied and evidenced by regulatory positions of the United States Securities & Exchange Commission and the Financial Industry Regulatory Authority, Inc. Without waiving such objection, to the extent that Defendant understands such *Request*, and assuming that any potential conflicts regarding its representation of Texas E&P Operating or any of its affiliates may have arisen requiring any advice or counsel by Defendant, such *Request* is Denied.

**REQUEST FOR ADMISSION NO. 4:**      Admit that you did not take steps to try to dissuade Texas E&P Operating, Inc. from committing a crime or fraud.

**RESPONSE:**          Defendant objects to such *Request* because it is argumentative, lacks a proper predicate, and assumes that Texas E&P Operating committed a crime or fraud, which is a fact that is not in evidence that is specifically Denied. Without waiving such objection, such *Request* is Denied.

**REQUEST FOR ADMISSION NO. 5:**      Admit that you did not take steps to try to dissuade Mark Plummer from committing a crime or fraud.

**RESPONSE:**          Defendant objects to such request because it is argumentative, lacks a proper predicate, and assumes that Mark Plummer committed a crime or fraud, which is a fact that is not in evidence that is specifically denied. Without waiving such objection, such *Request* is Denied.

**REQUEST FOR ADMISSION NO. 6:**      Admit that you received each of the payments identified in **PLAINTIFF_000001-000002** on or around the date set forth therein.

**RESPONSE:**      Defendant objects to the foregoing *Request* because it lacks a proper foundation and assumes facts not in evidence, namely that PLAINTIFF _ 000001 – 000002 is accurate and complete or accurately and correctly identifies payments to Defendant, which assumptions may not be correct or accurate and remains subject to discovery by Defendant and its pending Discovery Requests to Plaintiff.  Based upon Defendant's review as of this time of the available information and records, such *Request* is Denied.

**REQUEST FOR ADMISSION NO. 7:**      Admit that Texas E&P Operating, Inc. paid you for services performed for persons and entities other than Texas E&P Operating, Inc.

**RESPONSE:**      All professional services performed by Defendant were for Texas E&P Operating, Inc. and its affiliates and benefitted Texas E&P Operating, Inc. and its affiliates, who were all engaged in a common enterprise and business, and therefore such Request is Denied.

**REQUEST FOR ADMISSION NO. 8:**      Admit that, at the time Texas E&P Operating, Inc. paid you the funds referenced in **PLAINTIFF_000001-000002**, you were aware that Texas E&P Operating, Inc. was being sued by numerous third parties for failure to pay.

**RESPONSE:**      Defendant objects to the foregoing *Request* because it lacks a proper foundation and assumes facts not in evidence, namely that PLAINTIFF _ 000001 – 000002 is accurate and complete or accurately and correctly identifies payments to Defendant, which assumptions may not be correct or accurate and remains subject to discovery by Defendant and its pending Discovery Requests to Plaintiff.  Defendant further objects to such *Request* because it is incapable of being admitted or denied because it is compound, vague, and imprecise, covering multiple years and "numerous third parties" who are not identified with reasonable specificity. Accordingly, such *Request* is Denied.

**REQUEST FOR ADMISSION NO. 9:**      Admit that you defended Texas E&P Operating, Inc. in multiple lawsuits from 2013 until the time of the Bankruptcy Case.

**RESPONSE:**      Defendant objects to the foregoing *Request* because the term "multiple" is unclear and lacking sufficient specificity. Without waiving such objection, as of this time Defendant has not completed an investigation or review of all of its voluminous files and records (consisting of more than 100,000 pages of Documents) in order to acquire sufficient knowledge or information to either admit or deny such *Request.*

**REQUEST FOR ADMISSION NO. 10:**      Admit that Texas E&P Operating, Inc. paid for legal services that you provided in connection with actions initiated by FINRA against entities other than Texas E&P Operating. Inc.

**RESPONSE:**      As of this time Defendant has not completed an investigation or review of all of its voluminous files and records (consisting of more than 100,000 pages of Documents) in order to acquire sufficient knowledge or information to either admit or deny such *Request.*

**REQUEST FOR ADMISSION NO. 11:**     Admit that, at the time Texas E&P Operating, Inc. paid you the funds referenced in **PLAINTIFF_000001-000002**, you were aware that Texas E&P Operating, Inc. was incurring substantial debts in connection with its role as operator in various oil and gas ventures.

**RESPONSE:**         Defendant objects to the foregoing *Request* because it lacks a proper foundation and assumes facts not in evidence, namely that PLAINTIFF _ 000001 – 000002 is accurate and complete or accurately and correctly identifies payments to Defendant or that all such payments that may have been made were made by Texas E&P Operating, Inc., which assumptions may not be correct or accurate and remain subject to discovery by Defendant and its pending Discovery Requests to Plaintiff.  Defendant further objects to such *Request* because it is incapable of being admitted or denied because it is compound, vague, and imprecise, covering multiple years and "debts" and requires Defendant to speculate as to whether any "debts" were "substantial" (either individually or in the aggregate) under the totality of the circumstances at the time in question.  Accordingly, such *Request* is Denied

**REQUEST FOR ADMISSION NO. 12:**     Admit that, as early as 2010, you were aware that investors in oil and gas ventures led by Mark Plummer had accused Mark Plummer of misappropriating investor funds.

**RESPONSE:**         Denied

**REQUEST FOR ADMISSION NO. 13:**     Admit that, as early as 2010, you were aware that investors in ventures led by Mark Plummer had accused Mark Plummer of misusing investor funds.

**RESPONSE:**         Denied

**REQUEST FOR ADMISSION NO. 14:**     Admit that funds paid to you by Texas E&P Operating, Inc. were obtained by Texas E&P Operating, Inc. as a result of investor fraud.

**RESPONSE:**         Denied.

Dated: March 18, 2022                    Respectfully submitted,

                                         */ s / John P. Lewis, Jr.*
                                         John P. Lewis, Jr.
                                         Texas State Bar No. 12294400
                                         Hayward PLLC
                                         10501 N. Central Expressway, Suite 106
                                         Dallas, Texas 75231
                                         Telephone/Facsimile: (972) 755-7106
                                         Email: jplewis@haywardfirm.com

                                         Attorneys for Krage & Janvey, LLP, Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2022, a true and correct copy of the foregoing *Defendant's Responses to Trustee's Written Discovery to Krage & Janvey* was served by email attachment on Michael J. Lang, Esq., Crawford Wishnew & Lang, PLLC, 1700 Pacific Avenue, Suite 2390, Dallas, Texas 75201, Attorneys for Plaintiff, Robert Yaquinto, Jr., Trustee.

*/s/ John P. Lewis, Jr.*
John P. Lewis, Jr.