John P. Lewis, Jr.
Texas State Bar No. 12294400
James S. Brouner
Texas State Bar No. 0308285
HAYWARD PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone: (972) 755-7106
Facsimile:  (972) 755-7110
Email: JPLewis@HaywardFirm.com
Email: JBrouner@HaywardFirm.com

Greg K. Winslett
State Bar No. 21781900
Richard L. Smith, Jr.
State Bar No. 18671200
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile:  (214) 871-2111
Email: gwinslett@qslwm.com
Email: rsmith@qslwm.com

ATTORNEYS FOR KRAGE & JANVEY, LLP, DEFENDANT

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IN RE:** | **CHAPTER 7** |
| **TEXAS E & P OPERATING, INC.** | **CASE NO. 17-34386-SGJ-7** |
| **DEBTOR.** | |
| **ROBERT YAQUINTO, JR.,** | |
| **PLAINTIFF,** | |
| V | **ADVERSARY NO.  19-03231** |
| **KRAGE & JANVEY, L.L.P.,** | |
| **DEFENDANT.** | |

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY
JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES**

Krage & Janvey, L.L.P. ("Defendant") files this response to the *Trustee's Motion for Summary Judgment on Certain Affirmative Defenses* ("Summary Judgment Motion") [ECF Docket No. 61] whereby Plaintiff, Robert Yaquinto, Jr., as Chapter 7 Trustee ("Trustee" or "Plaintiff") of Texas E&P Operating, Inc. ("Debtor") seeks partial summary judgment on Defendant's affirmative defenses of attorney immunity and litigation privilege, and in support hereof would respectfully show the Court as follows:

## I. **SUMMARY OF RESPONSE**

1.      Plaintiff is not entitled to summary judgment on Defendant's affirmative defense of attorney immunity since the conduct that forms the basis of Plaintiff's claim of participation in or aiding and abetting breach of fiduciary duty is the kind of conduct that falls within the scope of Defendant's legal representation of its clients – in this instance multiple clients such as Mark Plummer and various affiliated entities (referred to as "Ventures" by Plaintiff in his Amended Complaint) owned and controlled by Mr. Plummer in connection with their oil and gas business and activities that this Court addressed in its *Findings of Fact, Conclusions of Law, and Order Granting Defendants' Rule 52(c) Motion for Judgment on Partial Findings* entered on July 13, 2022, at Docket No. 180 in Adversary Proceeding No. 19-03236 styled *Robert Yaquinto, Jr., as Chapter 7 Trustee v CBS Radio, Inc., et al*.

2.      In this proceeding, Plaintiff asserts claims against Defendant on account of its legal services and representation of Mr. Plummer and those other affiliated companies. All of Defendant's conduct on which Plaintiff bases his claims in this proceeding constituted the "provision of legal services involving the unique office, professional skill, training, and authority of an attorney", which is all that is required to invoke the attorney immunity doctrine. Attorney immunity in the State of Texas provides a defense to Plaintiff's claims and Defendant timely asserted such defense in its Answer. Attorney immunity precludes third-party claims regardless of whether the attorney's services were litigation related or transactional. *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65 (Tex. 2021).

3.      Plaintiff, as the Debtor's Trustee, is precluded under Texas law and attorney immunity from asserting a claim against Defendant for participation in any breach of fiduciary duty by Mr. Plummer or any of the "Ventures" when Defendant was representing Mr. Plummer or those other entities as such party's attorneys in connection with the conduct of which Plaintiff

complains – in that context the fact that Debtor was also a client of Defendant does not negate, vitiate, or avoid the defense and Plaintiff is no different than any other "third-party" (such as Debtor's creditors) who is precluded by the immunity defense from asserting claims against Defendant. That Debtor was also a client of Defendant does not change application of the attorney immunity defense under Texas law for Defendant's conduct representing other clients affiliated with Debtor in a "common business enterprise".  Plaintiff's claims against Defendant in this proceeding are not the claims that a client possesses against the client's attorney – those type of personal and direct claims (professional liability/ negligence, unjust enrichment, *etc*.) were previously dismissed due to the statute of limitations barring those claims.

4.      In his Amended Complaint Plaintiff does not aver any conduct by Defendant that did not involve legal services to a client – Plaintiff does not allege any actions or omissions whereby Defendant may have "participated" in any breach of fiduciary duty other than those actions or omissions taken as lawyer for Mr. Plummer and the "Ventures". The attorney immunity doctrine shields Defendant from Plaintiff's claims even if Debtor was one of the clients receiving Defendant's legal services or the benefit of those services.

5.      Additionally, on February 29, 2024, the Court entered an *Order Granting Trustee's Amended Motion for Entry of Judgment* against Mr. Plummer in *Robert Yaquinto, Jr. Trustee v. Mark A. Plummer et al*., Adv. No. 19-03237 [Docket No. 171] ("Plummer Adversary" and "Plummer Judgment") in which the Court found and concluded in Paragraph 6 that "Plummer is the alter ego of the Debtor". Such finding and conclusion, which are binding on the Trustee, destroys any argument or contention made in this proceeding that Debtor is "separate" from Plummer so that it could possess claims against Defendant for "participating" in Plummer's breach of fiduciary duty. Plummer and Debtor are not separate – they are alter egos of each other – and thus there is no participation in an alter ego breach of fiduciary duty to the same alter ego. Stated

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY**
**JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES – Page 3**

differently, the effect of the Plummer Judgment is that Defendant's conduct representing Plummer is conduct representing Debtor as his alter ego and *vice versa*.

6.      Alternatively, should the Court not deny Plaintiff's Summary Judgment Motion solely as a matter of law, a genuine issue of material disputed fact precluding summary judgment exists as to the underlying facts supporting or negating the "attorney immunity" defense in this proceeding under Texas law, such as the nature of Defendant's conduct and the relationship of the parties at relevant times that should be decided by a trier of fact following a trial on the merits.

## II.  UNDISPUTED FACTS AND PROCEDURAL BACKGROUND

7.      On November 29, 2017 ("Petition Date"), Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (11 U.S.C. §§101, *et seq.*, "Bankruptcy Code") commencing the captioned bankruptcy case (the "Bankruptcy Case"). [See BK Doc. 1][1]

8.      On November 27, 2019, Plaintiff filed his *Original Complaint* commencing this adversary proceeding seeking to avoid and recover certain legal fees paid to Defendant as alleged (a) "fraudulent" transfers pursuant to 11 U.S.C. §§ 544(b)(1) and 548(a)(1)(A) and (B) and TEX. BUS. & COMM. CODE §§ 24.005(a)(1) and (2) (the "Fraudulent Transfer Claims"), and (b) "preferential" transfers under 11 U.S.C. § 547(b).[2]

9.      Also on November 27, 2019, Plaintiff commenced approximately twenty-four (24) other similar adversary proceedings alleging fraudulent transfers and other recovery actions, including the Trustee's claims against Plummer and his other affiliates in the Plummer Adversary.

10.     On December 9, 2022, Plaintiff filed his *Trustee's First Amended Complaint* [Doc. 41] ("Amended Complaint") seeking to recover additional legal fees paid to Defendant as

---

[1] Defendant requests that the Court take judicial notice of the filings in Debtor's Bankruptcy Case and in this Adversary Proceeding. References to filings of record in this Adversary are denoted herein as [Doc __] and those in the Debtor's Bankruptcy Case as [BK Doc __].

[2] Debtor's preference claims are not the subject of the Summary Judgment Motion or this response.

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY
JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES – Page 4**

additional alleged "fraudulent" transfers" ("Additional Transfers") and asserting various state law

causes of action against Defendant ("State Law Claims").[3] Plaintiff also sought disallowance of

Defendant's claims in the Debtor's Bankruptcy Case contending that the claim was "for legal fees

for services primarily provided to Plummer and other entities, not the Debtor," and, to the extent

applicable, under 11 U.S.C. § 502(d).[4]

11.     On April 19, 2023, the Court issued its *Memorandum Opinion and Order Granting

*in Part and Denying in Part Defendant Krage & Janvey, L.L.P.'s Rule 12(B)(6) Motion to Dismiss*

[Doc 53] ("Dismissal Ruling") dismissing as time-barred certain of Plaintiff's additional

Fraudulent Transfer Claims and all the State Law Claims except for the claim for participation in

or aiding and abetting breach of fiduciary duty (Count 8) ("Participation Claim").[5]

12.     On May 3, 2023, Defendant filed its *Answer to Trustee's First Amended Complaint*

[Doc 57] ("Answer") denying the vast majority of the Amended Complaint's allegations and

asserting various affirmative defenses, including, without limitation, attorney immunity and

litigation privilege.[6]

13.     On February 26, 2024, Plaintiff filed his Summary Judgment Motion seeking

summary judgment on Defendant's affirmative defenses of attorney immunity and litigation

---

[3] The State Law Claims asserted in the Amended Complaint were claims for money had and received/unjust enrichment; professional negligence/malpractice; participation in or aiding and abetting breach of fiduciary duty; and negligent retention/supervision.

[4] *See* Defendant's Proof of Claim No. 155.

[5] The Participation Claim solely involves the issue of Defendant's knowing participation in a breach of fiduciary duty as it does not appear that Texas has recognized the claim of "aiding and abetting" breach of fiduciary duty. *See e.g.*, *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 782 (5th Cir. 2018) ("no such claim [for aiding and abetting] exists in Texas"; "a federal court exceeds the bounds of its legitimacy in fashioning novel causes of action not yet recognized by state courts"); *Midwestern Cattle Marketing, L.L.C. v. Legend Bank, N.A.*, 800 Fed.Appx. 239, 249-50 (5th Cir. 2020) (affirming dismissal of aiding and abetting claim since such claim not recognized by Texas Supreme Court); *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 224 (Tex. 2017) (the court "has not expressly decided whether Texas recognizes a cause of action for aiding and abetting.") (citing *Juhl v. Airington*, 936 S.W.2d 640, 643 (Tex. 1996)). Plaintiff did not cite any Texas case recognizing a cause of action for "aiding and abetting" a breach of fiduciary duty in his Summary Judgment Motion.

[6] *See*, Answer, p. 16, Seventeenth Defense (Litigation Privilege); p. 17, Twentieth Defense (Attorney Immunity).

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY
JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES – Page 5**

privilege on the basis that neither defense applies to claims asserted in the Amended Complaint.[7]

Plaintiff contends that attorney immunity is not applicable as the defense only protects attorneys

from liability to non-clients in the discharge of their duties in their capacity as attorneys not from

"damages caused by [the attorney's] participation in a fraudulent business scheme with his client."[8]

Plaintiff contends he is not a third party seeking to impose liability on Defendant but rather that as

the Defendant was Debtor's attorney "at all times," the claims asserted arose "while [Defendant'

was acting as Debtor's attorney."

14.     Respecting the litigation privilege affirmative defense, Plaintiff contends that the

privilege only protects Defendant from liability for communications made by Defendant during

the course of a judicial proceeding.

### III.     ALLEGATIONS AND AVERMENTS OF AMENDED COMPLAINT

15.     The Amended Complaint contains the following factual allegations (the "Factual

Allegations") – all of which establish that Defendant's conduct was that of an attorney and law

firm providing legal services and representation:

(i)     "as more creditors and investors sued Plummer, Debtor, and entities in the Ventures, and as regulatory agencies continued to bring enforcement action after enforcement action. ***Krage & Janvey***, who acted as a de facto general counsel for Plummer, was aware of it all and ***represented Plummer, Debtor, and the Ventures*** in most of it (and almost always at Debtor's expense."), ¶ 5;

(ii)    "In effect, ***Krage & Janvey operated like an outside general counsel for Plummer and the Ventures***, handling a constant mix of litigation, regulatory matters, and business matters—basically anything and everything Plummer wanted Krage & Janvey to do. This included advising Plummer on new offerings in the Ventures and reviewing and revising offering documents."), ¶ 38;

(iii)   "Krage & Janvey: (1) ***defended Plummer, Debtor, and other entities in the Ventures*** against numerous lawsuits by investors alleging fraud or misuse of investor funds;

---

[7] *See*, Summary Judgment Motion, ¶ 8.

[8] Plaintiff's "fraudulent scheme" claim ignores the holding of the Texas Supreme Court in *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 484 (Tex. 2015), that there is no "fraud exception" to attorney immunity. The Fifth Circuit Court of Appeals in *Troice v Proskauer Rose, LLP,* 816 F.3d 341, 349 (5th Cir. 2016), recognized that holding in *Cantey Hanger*.

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY
JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES – Page 6**

and (2) *represented Plummer, Debtor, and other entities in the Ventures*, against a steady and highly-concerning stream of enforcement actions by FINRA and other regulatory bodies."), ¶ 58;

(iv)   "*Krage & Janvey continued to charge Debtor for its services to Plummer and the Ventures*."), ¶ 72;

(v)   ("*While Krage and Janvey represented multiple entities in the Ventures and Plummer, individually, it was Debtor who Krage & Janvey invoiced for its services*."), ¶ 74;

(vi)   "Krage & Janvey failed to provide value, let alone reasonably equivalent value, to Debtor in exchange for the Transfers. *First*, a substantial portion of the Transfers *were for legal services provided to Plummer or entities in the Ventures other than Debtor* (*e.g.*, investor litigation and regulatory and enforcement actions), ¶ 76;

(vii)   "The consideration received by Debtor for *the Transfers to Krage & Janvey was less than reasonably equivalent in value because, among other things, the services were not for Debtor (or Debtor's benefit)*"), ¶ 111; "*Debtor paid for services that Krage & Janvey performed for Plummer and other entities in the Ventures*, and none of Krage & Janvey's services to Debtor benefitted Debtor."), ¶ 112;

(viii)   "*Krage & Janvey charged Debtor for its services and for services rendered to Plummer and other non-Debtor entities.*" ¶ 161.

## IV.  SUMMARY JUDGMENT STANDARD

16.   Under the summary judgment standards of FED. R. CIV. P. 56, as incorporated herein by FED. R. BANKR. P. 7056, a party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

17.   A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES – Page 7**

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

18.    "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 (5th Cir. 1999); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 578 (1986).

## V.  ARGUMENT AND SUPPORTING AUTHORITIES

19.    Plaintiff's Summary Judgment Motion as to Defendant's affirmative defense of attorney immunity must be denied as Plaintiff's arguments are insufficient to grant Plaintiff the requested relief as a matter of law or, alternatively, the record establishes that genuine issues of material fact exist as to material elements of Defendant's attorney immunity defense.[9]

A. **The Basis of Plaintiff's Summary Judgment Motion is Insufficient as a Matter of Law**.

20.    Plaintiff asserts that Defendant's attorney immunity defense does not apply because: (1) Plaintiff is a former client, and the defense should only apply to claims asserted by "non-clients"; and (2) Defendant's alleged conduct is entirely foreign to the duties of an attorney because Plaintiff has labeled that conduct "fraudulent."  Neither assertion is sufficient to avoid the defense in the context presented here as a matter of law.

21.    Plaintiff's first assertion is without merit since the defense applies to claims by a **third party** for actions taken in connection with an attorney's representation of a client. *See*

---

[9] Defendant does not contest Plaintiff's Summary Judgment Motion as to the litigation privilege defense so long as Plaintiff is not claiming that Defendant has any liability to Plaintiff for any alleged defamatory or other statements or communications made by Defendant during or in connection with any judicial proceedings in which Defendant was representing Debtor, Plummer, or any of their affiliates.

*FinServ Gas Corp. v. Settlement Funding, L.L.C*., 724 F.Supp.2d 662 (S.D. Tex. 2010) (citing *Alpert v. Crain, Caton & James, P.C*., 178 S.W.3d 398, 406 (Tex. App.-Houston [1st Dist.] 2005, pet. denied); *Toles v. Toles*, 113 S.W.3d 899, 910 (Tex. App.-Dallas 2003, no pet.)). Although cases have used the term "non-client" to describe the third party in this scenario, we have found no case holding that the defense cannot apply if the "third party" is a former client of the lawyer (or one of multiple affiliated clients of the lawyer). Nor have we found any case recognizing an exception to the attorney immunity defense when a plaintiff is a former client. Instead, the rule focuses on whether the lawyer's alleged conduct was undertaken on behalf of a lawyer's clients, in this case Plummer and the "Ventures". *Id*.; *see also*, *Troice v. Proskauer Rose, L.L.P*., 816 F.3d 341, 349 (5th Cir. 2016) (rejecting notion that non-clients means party opponents as "idea is to immunize conduct, not to protect attorneys only from certain potential plaintiffs"). This Court cited and followed *Troice* in *Barron v Sherman (In re Ondova)*, 2017 Bankruptcy Lexis 325 (Bankr. N.D. Tex. 2017), *aff'd* 2018 U.S. Dist. Lexis 13439 (N.D. Tex. 2018), *aff'd* 914 F.3d 990 (5th Cir. 2019).

22.     The purpose of the attorney immunity doctrine is to ensure that the client receives loyal, faithful, and aggressive representation. *Coleman v. Combs*, 2023 U.S. Dist. LEXIS 231233, at *12 (N.D. Tex. Nov. 27, 2023) *report and recommendation adopted*, 2023 U.S. Dist. LEXIS 230750 (N.D. Tex. Dec. 29, 2023) (citing *Cantey Hanger, LLP v. Byrd*, 467 S.W.3d 477, 481 (Tex. 2015). "The relevant inquiry is whether the attorney's conduct was part of discharging her duties in representing her client." *Id*. (*citing Taco Bell Corp. v. Cracken*, 939 F. Supp. 528, 532 (N.D. Tex. 1996)).

23.     Clearly, all clients are entitled to the same loyal, faithful, and aggressive representation, and the attorney immunity rule protects all clients and their attorneys to ensure this level of representation. According to Plaintiff, however, Defendant should lose the protection of

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY**
<u>**JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES**</u> – **Page 9**

the attorney immunity doctrine simply because the party asserting claims against it (in this case the Trustee for the Debtor) stands in the shoes of a former client or is one of multiple related clients claiming injury by the other related clients.[10]

24.     As referenced above, no authority supports such an exception to the attorney immunity doctrine and there is no reason why such an exception should exist. In fact, such an exception would be contrary to the purpose of the rule itself; to ensure every client the right to loyal, faithful, and aggressive representation. In addition, such an exception is unnecessary because each client has its own independent right to bring direct claims against their attorney. In this case, however, Plaintiff's direct claims against Defendant asserted in the Amended Complaint have been dismissed by the Court as barred by limitations. That dismissal, however, does not cause Defendant to lose the immunities provided by Texas law under the attorney immunity doctrine when Plaintiff is asserting claims against Defendant that clearly arise from attorney conduct representing Defendant's clients (Plummer or the "Ventures") even if those clients are affiliated with the Debtor.

25.     Specifically, Plaintiff's claim against Defendant for aiding and abetting/knowing participation in Plummer's breach of his fiduciary duty to Debtor arises from the alleged actions taken by Defendant in representing Plummer (and the "Ventures") in connection with various lawsuits and regulatory proceedings, plainly the kind of conduct in which an attorney engages when discharging his duties to his client.

---

[10] Application of the attorney immunity doctrine in this case is also justified when one considers the contradictory nature of Plaintiff's allegations. Plaintiff asserts that Defendant through its legal representation somehow participated in Plummer's breach of a fiduciary duty to Debtor while at the same time asserting in other litigation that there is no distinction between Plummer and Debtor. Specifically, in the Plummer Adversary, resulting in a judgment that Plummer was the alter ego of Debtor, Plaintiff asserted that Plummer was owner, chief executive officer, chairman, sole director, and alter ego of Debtor, which he operated, controlled, and dominated as a single business enterprise. Plummer Complaint in *Robert Yaquinto, Jr. Trustee v. Mark A. Plummer et al.*, Adv. No. 19-03237 ["Plummer Adversary" Doc. 1-1 at ¶¶ 71, 133, 134].

26.     Plaintiff's second assertion is equally without merit because Plaintiff's characterization of Defendant's conduct as fraudulent or otherwise wrongful is insufficient to avoid the defense as a matter of law. "Merely labeling an attorney's conduct 'fraudulent' does not and should not remove it from the scope of client representation or render it 'foreign to the duties of an attorney,'" *Coleman*, 2023 U.S. Dist. LEXIS 231233 at \*13 (citing *Cantey Hanger*, 467 S.W.3d at 483). Stated another way, "merely pleading that an attorney's conduct is fraudulent or wrongful does not remove it from the scope of client representation." *In re Sams*, 2022 Tex. App. LEXIS 5896, at \*7, (Tex. App.—Dallas Aug. 15, 2022, no pet.) (citing *Cantey Hanger*,467 S.W.3d 477 at 483 and 485).

27.     The Texas Supreme Court has made it clear that "attorney immunity shields the attorney who knowingly participates in fraudulent activities on his client's behalf, but not the attorney's participation in independently fraudulent activities, which is "foreign to the duties of an attorney." *In re Canfora*, 2021 Tex. App. LEXIS 7468, at \*13, n. 13 (Tex. App.—Houston [1st Dist.] Sept. 9, 2021, no pet.) (mem. op.); *Haynes & Boone, LLP v. NFTD, LLC*, 631 S.W.3d 65, 77 (Tex. 2021) (citing *Cantey Hanger*, 467 S.W.3d at 483).[11] Here, the alleged activity by Defendant was all within the scope of Defendant's representation of Plummer or his affiliates as Defendant's clients. The actions alleged in the Amended Complaint are not foreign to the duties of an attorney. There is no averment or allegation that Defendant participated in any independently fraudulent activities. Thus, the conduct of which Plaintiff complains, the rendering of legal service

---

[11] The Texas Supreme Court has declined to recognize a categorial fraud exception or a criminal exception to attorney immunity, concluding that it would "'significantly undercut" the protections of attorney immunity.  See, *Cantey Hanger*, 467 S.W.3d at 482-84 (rejecting categorical fraud exception to attorney immunity and distinguishing between an attorney's knowing participation in fraudulent activities on client's behalf and personal participation in a fraudulent business activity with his client); *Bethel v.Quilling, Selander, Lownds, Winslett & Moser, P.C*., 595 S.W.3d 651, 657 (Tex. 2020) (declining to recognize "that criminal conduct is categorically excepted from the protections of attorney civil immunity when the conduct alleged is connected with representing a client in litigation.").

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY
<u>JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES</u> – Page 11**

for and on behalf of Defendant's clients, was within the scope of its representation and undoubtedly the "kind" of conduct that squarely falls within the scope of attorney immunity.

### B. The Summary Judgment Record Establishes a Genuine Issue of Material Fact

28. To the extent the Court determines that Defendant's attorney immunity defense hinges on a fact issue, the summary judgment record establishes a genuine issue of material fact that precludes Plaintiff's request for summary judgment.

29. "The only facts required to support an attorney-immunity [affirmative] defense are the type of conduct at issue and the existence of an attorney-client relationship at the time." *Conghua Yan v. State Bar of Tex.*, 2023 U.S. Dist. LEXIS 235359 (N.D. Tex., Dec. 28, 2023), quoting, *Youngkin v. Hines*, 546 S.W.3d 675, 683 (Tex. 2018).

30. Here, Plaintiff's factual allegations in the Amended Complaint are clear that (i) an attorney-client relationship existed between Defendant and Plummer (and the "Ventures"), and (ii) the conduct that forms the basis of Plaintiff's Participation Claim involves the kind of conduct attorneys undertake while discharging their professional duties to a client, conduct that was not foreign to the duties of a lawyer.[12]

31. In fact, Plaintiff does not aver, allege, or otherwise complain that Defendant's conduct was outside the scope of Defendant's legal representation of Plummer and the Ventures.[13] Instead, Plaintiff complains of the allegedly wrongful impact those services allegedly had on the Debtor, which Plaintiff has admitted was Plummer's alter ego. Focusing on the "wrongfulness"

---

[12] The Factual Allegations in the Amended Complaint constitute judicial admissions of material facts that are binding on Plaintiff. *See*, *Teague v. Williamson Cnty.*, 2022 U.S. App. LEXIS 31690 at *4 (5th Cir., Nov. 16, 2022) ("Teague is bound by the allegations in her live pleading, and she may not now seek factual findings that would contradict them."); *McCreary v. Richardson*, 738 F.3d 651, n.5 (5th Cir. 2012), *as revised* (Oct. 9, 2013) ("This circuit has long noted that factual statements in pleadings constitute binding judicial admissions. . . ."); *Davis v. A.G. Edwards & Sons, Inc.*, 823 F.2d 105, 107-8 (5th Cir. 1987) ("Factual assertions in pleadings are . . . judicial admissions *conclusively* binding on the party that made them.").

[13] Even assuming the Amended Complaint can be interpreted otherwise, the determination of whether Defendant's services were within the scope of its legal representation is a legal, not a fact, issue.

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES – Page 12**

and "injury" rather than the kind of conduct in which Defendant engaged, however, is contrary to established Texas law as it is the type of conduct for which immunity applies regardless of whether the conduct is wrongful.[14]   Moreover, whether particular conduct falls within the scope of an attorney's representation is an issue of law.[15]

32.   The Amended Complaint's Factual Allegations identify the type of conduct that forms the basis of the Participation Claim. This conduct, as alleged, clearly falls within the scope of Defendant's representation of Plummer and the "Ventures" separate and apart from the Court's alter ego judgment against Plummer as an additional basis for denying such claim and the Summary Judgment Motion.   Thus, the attorney immunity defense applies and precludes Plaintiff's prosecution of the Participation Claim against Defendant as a matter of law and the Summary Judgment Motion should be denied. Should the Court conclude, however, that a genuine issue of material fact exists and is presented by the pleadings and other evidence, such conclusion likewise warrants denial of Plaintiff's Summary Judgment Motion.

## VI. PRAYER

WHEREFORE, for the foregoing reasons, Defendant requests that the Court deny Plaintiff's Motion for Summary Judgment on Defendant's affirmative defense of attorney immunity and that the Court grant it such other and further relief to which it may be justly entitled.

---

[14] See, *Haynes & Boone*, 631 S.W.3d at 78 ("Whether the defense applies depends on whether the claim is based on this "kind" of conduct, not on the nature of the conduct's alleged wrongfulness."); *Youngkin*, 546 S.W.3d at 681 (inquiry "focuses on the *kind* of conduct at issue rather than the *alleged wrongfulness* of said conduct."

[15] *Youngkin*, 546 S.W.3d at 683 (once the type of conduct at issue and the existence of an attorney-client relationship at the time is established, "[a] court [ ] decide[s] the legal question of whether said conduct was within the scope of representation.").

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY**
**JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES – Page 13**

Dated:  March 22, 2024.                    Respectfully submitted,

                                           */ s / John P. Lewis, Jr.*
                                           John P. Lewis, Jr.
                                           Texas State Bar No. 12294400
                                           James S. Brouner
                                           Texas State Bar No. 03082785
                                           Hayward & Associates, PLLC
                                           10501 N. Central Expressway, Suite 106
                                           Dallas, Texas 75231
                                           Telephone & Facsimile:  972-755-7106
                                           Email: jplewis@haywardfirm.com
                                           Email: jbrouner@haywardfirm.com

                                           Greg K. Winslett
                                           State Bar No. 21781900
                                           Richard L. Smith, Jr.
                                           State Bar No. 18671200
                                           QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER PC
                                           2001 Bryan Street, Suite 1800
                                           Dallas, Texas 75201
                                           Telephone: (214) 871-2100
                                           Facsimile:  (214) 871-2111
                                           Email: gwinslett@qslwm.com
                                           Email: rsmith@qslwm.com

                                           ATTORNEYS FOR KRAGE & JANVEY, LLP,
                                           DEFENDANT

## CERTIFICATE OF SERVICE

        I hereby certify that on March 22, 2024, a true and correct copy of the foregoing *Defendant's Response to Trustee's Motion for Summary Judgment on Certain Affirmative Defenses* was served by email attachment and electronic transmission through the Court's ECF noticing system on the persons listed below:

                            Michael J. Lang
                          Alexandra J. Ohlinger
                       1700 Pacific Avenue, Suite 2390
                            Dallas, Texas 75201

                                    */s/ John P. Lewis, Jr.*
                                    John P. Lewis, Jr.

**DEFENDANT'S RESPONSE TO TRUSTEE'S MOTION FOR SUMMARY
JUDGMENT ON CERTAIN AFFIRMATIVE DEFENSES – Page 14**