John P. Lewis, Jr.
Texas State Bar No. 12294400
James S. Brouner
Texas State Bar No. 0308285
HAYWARD PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone: (972) 755-7106
Facsimile:  (972) 755-7110
Email: JPLewis@HaywardFirm.com
Email: JBrouner@HaywardFirm.com

Greg K. Winslett
State Bar No. 21781900
Richard L. Smith, Jr.
State Bar No. 18671200
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile:  (214) 871-2111
Email: gwinslett@qslwm.com
Email: rsmith@qslwm.com

ATTORNEYS FOR KRAGE & JANVEY, LLP, DEFENDANT

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| IN RE: | CHAPTER 7 |
| TEXAS E & P OPERATING, INC. | CASE NO. 17-34386-SGJ-7 |
| DEBTOR. | |
| ROBERT YAQUINTO, JR., | |
| PLAINTIFF, | |
| V | |
| KRAGE & JANVEY, L.L.P., | ADVERSARY NO.  19-03231-SGJ |
| DEFENDANT. | |

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO**
**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

I.  SUMMARY OF REPLY.............................................................................................. 2

II.  ARGUMENT AND SUPPORTING AUTHORITIES ...................................................... 3

    A.  Plaintiff's Application of the Discovery Rule is Erroneous as Matter of Law ................ 3

    (1)  Plaintiff's Revised Accrual Argument is not Supported
by Competent Evidence. ....................................................................................... 4

    (2)  Plaintiff's Interpretation of the Discovery Rule is Contrary to Texas
Law and has been Repeatedly Rejected.................................................................. 5

    (3)  Even under Plaintiff's Incorrect Interpretation of the Discovery Rule, the Participation
Claim is Barred as a Matter of Law. .................................................................... 8

    (4)  The Statutory Discovery Rule Relied upon by Plaintiff does not apply........................ 12

    B.  The Court's Denial of Defendant's Motion to Dismiss Does not Preclude Defendant's
Summary Judgment Motion.................................................................................... 14

    C.  Defendant is Entitled to Summary Judgment on Plaintiff's Constructive Fraudulent
Transfer Claims as Plaintiff has Failed to Raise a Genuine Issue of Material Fact Evidencing
that Debtor did not Receive Reasonably Equivalent Value in Exchange for the Transfers to
Defendant. .......................................................................................................... 15

III.  PRAYER............................................................................................................. 18

 CERTIFICATE OF SERVICE………………………………………………………………..19

## **TABLE OF AUTHORITIES**

**Case Authorities**

*Ackerman v. American Airlines, Inc.*, 924 F. Supp. 749 (N.D. Tex. 1995) ................................. 16

*Adams v. Deutsche Bank AG*, 2012 WL 12884365 (S.D.N.Y., Sept. 24, 2012)..................... 11

*Alvarado v. Abijah Grp., Inc.*, 2015 WL 4603542 (Tex. App.—Austin July 29, 2015, no pet.) . 12

*Baron v. Sherman (In re Ondova Ltd. Co.)*, 2017 Bankr. LEXIS 325
    (Bankr. N.D. Tex., Feb. 1, 2017, *adopted*, 2018 U.S. Dist. LEXIS 13439
    (N.D. Tex., Jan. 26, 2018), *aff'd*, 914 F.3d 990 (5th Cir. 2019).............................. 9

*Berrios v. Cox*, 2024 U.S. Dist. LEXIS 3675 (W.D. Tex., Jan. 5, 2024) .................................. 14

*Civelli v. J.P. Morgan Securities*, 57 F.4th 484 (5th Cir. 2023) ........................................... 5

*Commodity Futures Trading Com v. Weintraub*, 471 U.S. 352 (1985)................................... 9

*Cox v. Vela*, 2013 U.S. Dist. LEXIS 68751 (S.D. Tex., May 14, 2013)................................... 16

*Cupersmith v. Piaker & Lyons P.C.*, 2016 WL 5394712 (N.D.N.Y., Sept. 27, 2016),
    *aff'd*, 748 F. App'x 368 (2d Cir. 2018)........................................................... 11

*Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088 (5th Cir. 1994) ...................................... 16

*Duthu v. Pena*, 2000 WL 1056127 (5th Cir. July 20, 2000)........................................... 13

*Favela v. Collier*, 91 F.4th 1210 (5th Cir. 2024) ................................................... 4

*Fields v. Fields*, 2022 WL 2836808 (Tex. App.-- Houston [1st Dist.], July 21, 2022,
    pet. filed) (mem. op.) ...................................................................... 10

*Gallier v. Woodbury Fina. Servs.*, 2015 U.S. Dist. LEXIS 67448 (S.D. Tex., May 26, 2015).... 14

*Gen. Land Office of Tex v. Biden*, 71 F.4th 264 (5th Cir., 2023)................................... 16

*Gupta v. Eastern Idaho Tumor Institute, Inc. (In re Gupta)*, 394 F.3d 347 (5th Cir. 2004)........ 15

*Halperin v. Wills (In re Senior Care Ctrs., LLC)*, 2023 Bankr. LEXIS 2653
    (Bankr. N.D. Tex., Oct. 29, 2023) ......................................................... 17

*Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334 (5th Cir. 1982)...................................... 16

*Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52 (Tex. 2015) ..................................... 10

*In re Hoskins*, 2018 WL 6815486 (Tex. App.--Corpus Christi-Edinburg, Dec. 27,
    2018, orig. proceeding) (mem. op.) ........................................................ 11

*Ingalls v. SMTC Corp. (In re SMTC Mfg. of Tex.)*, 421 B.R. 251 (Bankr. W.D. Tex. 2009)....... 17

*Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185 (5th Cir. 2013)............ 12

*Janvey v. Suarez*, 978 F. Supp.2d. 685 (N.D. Tex. 2013)........................................... 12

*Jones v. Texaco, Inc.*, 945 F. Supp. 1037 (S.D. Tex. 1996).......................................... 13

*Keeshan v. Eau Claire Coop. Health Ctrs., Inc.*, 2007 WL 2903962 (D.S.C. Oct. 2, 2007) ....... 14

*KPMG*, 988 S.W.2d 746 (Tex. 1999) ............................................................. 12

*Lockheed Martin Corp. v. Network Solutions, Inc.*, 141 F.Supp.2d 648 (N.D. Tex. 2001) ......... 14

*Louisiana World Exposition v. Federal Ins. Co.*, 858 F.2d 233 (5th Cir. 1988) ......................... 9

*Loumar v. Smith*, 698 F.2d 759 (5th Cir.1983)........................................................ 14

*Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*,
    659 S.W.3d 456 (Tex. 2023)......................................................... 6, 7, 8

*Ortiz v. Minn. Life Ins. Co.*, 2023 U.S. Dist. LEXIS 106211 (E.D. Tex., June 16, 2023),
    report and recommendation adopted by, 2023 U.S. Dist LEXIS 164455
    (E.D. Tex., June 16, 2023) ............................................................. 16

*Osherow v. Nelson Hensley & Consol. Fund Mgmt, LLC (In re Pace)*, 456 B.R. 253
    (Bankr. W.D. Tex. 2011) ............................................................. 2, 17

*Petrosurance Casualty Co. v. Threadneedle Ins. Co.*, 1997 WL 681022

(5th Cir., Sept. 29, 1997) … ……………………………………………………………………5
*Porter v. Charter Medical Corp.*, 957 F. Supp. 1427 (N.D.Tex.1997) ................................... 6, 12
*PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79 (Tex. 2004).............. 5
*Reticulum Mgmt., LLC v. Dean (In re Dean)*, 2021 Bankr. LEXIS 3315
   (Bankr. N.D. Tex., Dec. 3, 2021)...................................................................... 15, 16
*Seibert v. Gen. Motors Corp.*, 853 S.W.2d 773
   (Tex. App.–Houston [14th Dist.] 1993, no writ) ..................................................... 12
*Seitz v. Detweiler, Hershey & Assocs., P.C.* (*In re CitX Corp.*), 2004 WL 2850046
   (E.D. Pa. Dec. 8, 2004) ............................................................................................ 2
*Stabilis Fund II, LLC v. Compass Bank*, 2018 U.S. Dist. LEXIS 126700
   (N.D. Tex., July 30, 2018……………………………………………………………….14
*Tarpley v. Texaco, Inc.*, 1998 WL 133122 (N.D. Tex., Mar. 16, 1998) .................................... 6, 12
*Taylor v. Deutche Bank AG*, 2014 WL 12586180 (N.D. Tex., Nov. 24, 2014) ............................ 6
*Taylor v. Sturgell*, 553 U.S. 880 (2008)................................................................ 15, 16
*Timberlake v. A.H. Robins Co., Inc.*, 727 F.2d 1363 (5th Cir.1984) ............................................. 6
*Tow v. Amegy Bank N.A.*, 505 B.R. 455 (S.D. Tex. 2014) ......................................................... 17
*Tow v. Pajooh (In re CRCGP LLC)*, 2008 Bankr LEXIS 4238
   (Bankr. S.D. Tex., Aug. 28, 2009)...................................................................... 17
*Trevino v. McClean*, 2008 WL 4868767 (W.D. Tex. Sept. 11, 2008).................................... 6
*United Healthcare Services, Inc. v. Synergen Health, LLC*, 2021 WL 512982
   (N.D. Tex. Feb. 11, 2021) ............................................................................. 6
*United Healthcare Servs., Inc. v. First Street Hosp. LP*, 570 S.W.3d 323 (Tex. App. --
   Houston [1st Dist.], 2018, pet. denied) ..................................................................... 10
*USPPS, Ltd. v. Avery Dennison Corp.*, 326 Fed. Appx. 842 (5th Cir. 2009), *on remand*, report
   and recommendation, 2010 U.S. Dist. LEXIS 84450 (W.D. Tex., March 18, 2010), *adopted*,
   2010 U.S. Dist. LEXIS 81701 (W.D. Tex., June 4, 2010), appeal transferred, 647 F.3d 274
   (5th Cir. 2011), *aff'd*, 676 F.3d 1341 (Fed. Cir. 2012), *vacated and remanded*,
   133 S. Ct. 1794, *on remand*, *aff'd*, 541 Fed. Appx. 386 (5th Cir. 2013) .................................. 14
*Vallecillo v. Wells Fargo Bank, N.A., C.A.*, 2018 WL 3603120 (W.D. Tex. May 15, 2018)....... 13
*West Africa Ventures Ltd. V. Fleming*, 2023 WL 2352936 (S.D. Tex. March 3, 2023)................. 7
*Willow Tree Consulting Group, LLC, Liquidating Trustee of the TH Liquidating Trust
   v. Perkins Coie LLP and Perkins Coie* LLC, 2023 WL 575263 (Tex. App. – Dallas,
   Feb. 13, 2024, no writ).......................................................................................... 13
*Yaquinto v. CBS Radio, Inc. (In re Tex. E&P Operating, Inc.)*, 2022 Bankr. LEXIS 1932
   (Bankr. N.D. Tex., July 13, 2022) ..................................................................... 17
*Zehr v. Osherow*, 2019 U.S. Dist. LEXIS 8822 (S.D. Tex., Jan. 17, 2019) ................................ 17

**Statutes**
11 U.S.C. § 1104(a)(1)......................................................................................... 10
11 U.S.C. § 1106(a)(3)......................................................................................... 9
11 U.S.C. § 704(a)(4)........................................................................................... 8
11 U.S.C. § 548(a)(1)(B) …………………………………………………………………17
TUFTA § 24,005(a)(2) …………………………………………………………………..17

**Rules**
Rule 12(b)(6)................................................................................................ 3, 4, 14

John P. Lewis, Jr.
Texas State Bar No. 12294400
James S. Brouner
Texas State Bar No. 0308285
HAYWARD PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone: (972) 755-7106
Facsimile: (972) 755-7110
Email: JPLewis@HaywardFirm.com
Email: JBrouner@HaywardFirm.com

Greg K. Winslett
State Bar No. 21781900
Richard L. Smith, Jr.
State Bar No. 18671200
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile: (214) 871-2111
Email: gwinslett@qslwm.com
Email: rsmith@qslwm.com

ATTORNEYS FOR KRAGE & JANVEY, LLP, DEFENDANT

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| IN RE:<br><br>**TEXAS E & P OPERATING, INC.**<br><br>**DEBTOR.**<br><hr><br>**ROBERT YAQUINTO, JR.,**<br><br>**PLAINTIFF,**<br><br>V<br><br>**KRAGE & JANVEY, L.L.P.,**<br><br>**DEFENDANT.** | **CHAPTER 7**<br><br>**CASE NO. 17-34386-SGJ-7**<br><br><br><br>**ADVERSARY NO.  19-03231** |

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Krage & Janvey, L.L.P. ("Defendant") files this reply to the *Trustee's Response to Defendant's Motion for Partial Summary Judgment* ("Trustee's MSJ Response") [Doc 73] filed by Robert Yaquinto, Jr., the chapter 7 trustee for the bankruptcy estate of Texas E & P Operating, Inc. ("Plaintiff"),[1] and in reply to same and in further support of *Defendant's Motion for Partial*

---

[1] Plaintiff is the successor trustee to Jason Searcy, who was initially appointed the chapter 11 trustee and continued as the initial and permanent chapter 7 trustee upon conversion of the Debtor's bankruptcy case.

*Summary Judgment* (the "Summary Judgment Motion") [Doc 62] would respectfully show the Court as follows:[2]

## I.  SUMMARY OF REPLY

1.       Plaintiff has failed to raise a genuine issue of material fact sufficient to avoid summary judgment on the Participation Claim under the statute of limitations for numerous reasons. First, Plaintiff's response is based on the statutory discovery rule contained in the Texas Uniform Fraudulent Transfer Act which does not apply to the common law Participation Claim. Under the applicable common law discovery rule that applies here, it is well settled that the cause of action accrued immediately, when the Trustee knew of the alleged injury, the bankruptcy. This is consistent with authorities holding that a cause of action accrues, at the latest, when the Trustee is appointed.[3]

2.       Plaintiff ignores this controlling Texas law and Trustee's knowledge of the alleged injury, and claims without factual or legal support that the Participation Claim did not accrue until he and his lawyer determined that this was not an "ordinary bankruptcy" resulting from Plummer's conduct. Under Texas law, however, this is not how the discovery rule operates.

3.        But even if the Court were to consider Plaintiff's unsupported position, the summary judgment evidence conclusively establishes that, from the beginning of the case when

---

For all purposes herein, the term "Trustee" shall refer generically to the bankruptcy estate's representative since the appointment of Mr. Searcy on January 19, 2018.

[2] Unless a capitalized term is defined herein it shall have the meaning ascribed to it in the *Brief in Support of Defendant's Motion for Partial Summary Judgment on Plaintiff's Claim for Aiding and Abetting / Knowing Participation in Plummer's Breach of Fiduciary Duty to Debtor and on Plaintiff's Constructive Fraudulent Transfer Claims* [Doc 63] (the "MSJ Brief").

[3] *Osherow v. Nelson Hensley & Consol. Fund Mgmt., LLC (In re Pace)*, 456 B.R. 253, 280 n.9 (Bankr. W.D. Tex. 2011) (recognizing that courts have applied the discovery rule to toll statutes of limitation in bankruptcy cases until a trustee is appointed) (citing *Seitz v. Detweiler, Hershey & Assocs., P.C.* (*In re CitX Corp.*), 2004 WL 2850046, at *3–4 (E.D. Pa. Dec. 8, 2004) (applying discovery rule to toll the statute of limitations on professional malpractice claim until trustee was appointed).

the Trustee was appointed, he was charged with knowledge that this was not an ordinary bankruptcy and that Plummer needed to be investigated because the very same facts that he now claims support his Participation Claim were plainly reflected in the filings in the Bankruptcy Case; this injury was not inherently undiscoverable.

4.    To avoid the Court's consideration of the merits of the Summary Judgment Motion, Plaintiff contends that the Court's earlier denial of Plaintiff's request to dismiss the Participation Claim based on limitations under Rule 12(b)(6) precludes the present motion. This assertion is baseless and is contrary to well established precedent.

5.    Finally, Plaintiff's contention that the entry of judgment by the Court in the Plummer Adversary has a collateral estoppel effect on Plaintiff's request for summary judgment on the Constructive Fraudulent Transfer Claims is also baseless.  The Court's ruling in the Plummer Adversary has no preclusive effects as to Plaintiff in this adversary proceeding as Plaintiff was not a party to nor in privity with a party to the Plummer Adversary.  As a consequence, offensive collateral estoppel is not applicable.

## II.  ARGUMENT AND SUPPORTING AUTHORITIES

### A.  Plaintiff's Application of the Discovery Rule is Erroneous as Matter of Law

6.    Plaintiff's theory and application of the Texas discovery rule to the Participation Claim is unfounded and unsupported.  Under both Fifth Circuit authority and that of the Texas Supreme Court, the statute of limitations applicable to the Participation Claim accrued more than four years prior to the filing of the First Amended Complaint.

### (1) Plaintiff's Revised Accrual Argument is not Supported by Competent Evidence.

7.      Since filing his First Amended Complaint, Plaintiff has consistently maintained that the alleged injury in this case is the bankruptcy filing.[4] Now, when faced with the reality that the Trustee had knowledge of that alleged injury from the very beginning of the Bankruptcy Case, and thus, the Participation Claim is barred by the Texas common law statute of limitations, Plaintiff now asserts that he somehow could not "discover" this injury until he and his lawyer later determined that the Bankruptcy Case was not an "ordinary bankruptcy."[5] This argument is insufficient to avoid summary judgment both factually and as a matter of Texas law.

8.      First, it should be noted that Plaintiff's new assertion is completely unsupported by any facts. In his Declaration, Plaintiff simply states in a conclusory fashion that it was "[o]nly after getting access to the relevant documents and information, which were voluminous, could my counsel and I perform the necessary analysis and determine that this was not an ordinary bankruptcy … resulting from a fraudulent scheme and Plummer's breach of fiduciary duty to Debtor."[6] But when Plaintiff and his lawyer allegedly decided that Plummer was to blame is not determinative. Instead, the relevant inquiry is when the Trustee knew of the injury, triggering the need to investigate. It is revealing that Plaintiff does not identify what he actually "discovered" in the unidentified "relevant documents and information" or when this alleged "discovery" occurred. Plaintiff's declaration, containing only conclusory allegations and unsubstantiated assertions without facts to support the asserted inferences is insufficient to create a genuine issue of material fact on summary judgment, as a matter of law.[7]

---

[4]  *Memorandum Opinion and Order Granting in Part and Denying in Part Defendant Krage & Janvey, L.L.P.'s Rule 12(b)(6) Motion to Dismiss* [Doc. 53] at pgs. 33-34.

[5]  Yaquinto Declaration, ¶11 [Doc. 74].

[6]  Doc. 74 at p. 3.

[7]  *Favela v. Collier*, 91 F.4th 1210, 1213 (5th Cir. 2024).

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 4**

9.      Of course, we know from earlier filings by Plaintiff that the relevant documents and information referred to are the Debtor's legal files maintained by Defendant.[8] This Court, however, has already rejected Plaintiff's assertion that the discovery rule delayed accrual until Plaintiff knew of should have known of Defendant's alleged involvement when reviewing these documents in June of 2021.[9]   It is, thus, understandable that Plaintiff did not support his Declaration with any facts, but simply provided an unsupported, conclusory assertion in the hopes of somehow avoiding summary judgment. As a matter of law, this approach is not sufficient.

**(2) Plaintiff's Interpretation of the Discovery Rule is Contrary to Texas Law and has been Repeatedly Rejected.**

10.     Under Plaintiff's interpretation of the discovery rule, accrual of the claim does not occur until he allegedly discovered that the injury (i.e., the bankruptcy filing) was the result of "a fraudulent scheme and Plummer's breach of fiduciary duty to Debtor."  This assertion has been repeatedly rejected by the Texas Supreme Court, intermediate Texas courts, and federal courts applying Texas law, including the Fifth Circuit.

11.     Texas law is clear on this issue. The relevant inquiry is when the plaintiff knew or should have known of the **injury**, not the cause of the injury, those allegedly responsible for it, additional information that might support a claim, or information that the plaintiff alleges caused him to conclude he has grounds for a lawsuit.[10]  This application of the common law discovery

---

[8]  Doc. 41 at p. 59.

[9]  Doc. 53 at pgs. 37-38.

[10]  *Civelli v. J.P. Morgan Securities*, 57 F.4th 484, 489 (5th Cir. 2023) (again confirming that the discovery rule "tolls limitations only until a claimant learns of a wrongful injury. Thereafter, the limitations clock is running, even if the claimant does not yet know: the specific cause of the injury; the party responsible for it, the full extent of it; or the chances of avoiding it.") (quoting *PPG Indus., Inc. v. JMB/Hous. Ctrs. Partners Ltd. P'ship*, 146 S.W.3d 79, 93–94 (Tex. 2004); *Petrosurance Casualty Company v. Threadneedle Insurance Company*, 1997 WL 681022 *7-8 (5th Cir., Sept. 29, 1997) (any argument that a plaintiff lacked awareness of the involvement of certain individuals or entities in causing the alleged injury is irrelevant because the limitations period commences when the wrongful act effects an injury, not when the alleged

rule under Texas law is nothing new. Texas federal courts have long recognized that "[t]he discovery rule does not suspend the running of the statutory period 'until the plaintiff learns that the defendant's conduct may be wrongful.' *Porter v. Charter Medical Corp.*, 957 F. Supp. 1427, 1438 (N.D.Tex.1997) (citing *Timberlake v. A.H. Robins Co., Inc.*, 727 F.2d 1363, 1365 (5th Cir.1984). In other words, the discovery rule contemplates discovery of the **injury** and does not suspend the running of the limitations period until the plaintiff discovers all the elements of a cause of action."[11]

12.     This well settled principle of Texas law was most recently confirmed by the Texas Supreme Court in *Marcus & Millichap Real Est. Inv. Servs. of Nev., Inc. v. Triex Tex. Holdings, LLC*, 659 S.W.3d 456 (Tex. 2023) (per curiam). *Marcus & Millichap* involved breach of fiduciary duty, fraud and conspiracy claims against a real estate broker that represented both sides (buyer and seller) in a sale-lease back of a gas station. The injury occurred when Seller/lessor defaulted on the lease. The buyer sued the seller and claimed to have later discovered the broker's wrongful conduct (i.e., that the lease default was "wrongful") during discovery. The buyer sued the broker and asserted the discovery rule, claiming that it was unaware of the wrongful conduct of the broker until later. The trial court granted summary judgment on limitations under the discovery rule, but the court of appeals reversed, incorrectly holding that, although the purchaser knew of its injury

---

wrongdoers are identified); *United Healthcare Services, Inc. v. Synergen Health, LLC*, 2021 WL 512982, at *5 (N.D. Tex. Feb. 11, 2021) (rejecting argument that discovery rule necessarily raised a fact issue regarding the defendant's involvement and how that involvement harmed the plaintiff); *Taylor v. Deutche Bank AG*, 2014 WL 12586180, at *7 (N.D. Tex., Nov. 24, 2014) (limitations is not tolled until plaintiffs knows all details and evidence required to prove a claim); *Tarpley v. Texaco, Inc*., 1998 WL 133122, at *3 (N.D. Tex., Mar. 16, 1998) (accrual is not deferred until plaintiff (1) discovers all the elements of a cause of action; (2) recognizes that he has grounds for a lawsuit; or (3) realizes that he might have a winning lawsuit).

[11] *Porter v. Charter Medical Corp*., 957 F. Supp. 1427, 1438 (N.D. Tex.1997) (emphasis added); *see also Trevino v. McClean*, 2008 WL 4868767, at *10 (W.D. Tex. Sept. 11, 2008) (discovery rule does not suspend the running of the statutory period until the plaintiff learns that the defendant's conduct may be wrongful; discovery rule contemplates discovery of the injury).

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 6**

when the lease default occurred, a fact issue existed as to whether the purchaser knew or should have known that the injury was the result of wrongful acts committed by the broker. *Id*. at \*3.

13.   The question before the Texas Supreme Court was whether the discovery rule deferred accrual of the cause of action against broker until the buyer knew that the injury was wrongful, i.e., the result of the broker's wrongful acts; <u>the same argument Plaintiff is making in this case</u>. The Texas Supreme Court reversed and reinstated the trial court's judgment, holding that, although it has stated the rule in slightly different ways, the discovery rule does not linger until a claimant learns of actual causes and possible cures, nor does it defer accrual until the plaintiff knows the specific nature of each wrongful act that may have caused the injury, or the exact identity of the wrongdoer. *Id*. at \*4.

14.   Since *Marcus & Millichap*, the Southern District of Texas in *West Africa Ventures Ltd. V. Fleming*, 2023 WL 2352936 (S.D. Tex. March 3, 2023) rejected the same argument in reaching the same result. In *West Africa Ventures,* the court held that the discovery rule did not continue to toll limitations because the plaintiff knew it had sustained the alleged injury when the primary obligor in a business transaction defaulted, rejecting plaintiff's argument that limitations should have been tolled against the guarantors in the transaction until plaintiff discovered the guarantor's conduct was wrongful. *Id*. at \*5-6.

15.   The same result is required here because Plaintiff plainly alleges that its injury is the insolvency and bankruptcy. Plaintiff's assertion that accrual of its claim against Defendant was somehow delayed during some undefined "grace period," until Plaintiff later "discovered" that the allegedly wrongful cause was Plummer's conduct is completely contrary to Texas law on the exact same discovery rule issue presented in *Marcus & Millichap* and *West Africa Ventures*. Plaintiff simply ignores this overwhelming authority and does not cite any authority to support his position

that accrual is somehow postponed until he allegedly discovered that the bankruptcy estate's

purported injury was caused by Plummer's breach of fiduciary duty to Debtor.

16.     As the Texas Supreme Court explained in *Marcus & Millichap*, consistent

throughout the cases is the requirement of reasonable diligence.[12]  Plaintiff's interpretation and his

desired application of the discovery rule directly contradicts Texas law as it relieves a plaintiff of

the responsibility of making diligent inquiry once the fact of an injury is known. *Id*.  Simply stated,

"the discovery rule does not linger until a claimant learns of actual causes." *Id*.

**(3) Even under Plaintiff's Incorrect Interpretation of the Discovery Rule, the
Participation Claim is Barred as a Matter of Law.**

17.     Even if the Court were to indulge Plaintiff's erroneous argument and were to

analyze when a Trustee should have known of the need to investigate Plummer and whether this

was an "ordinary bankruptcy case," the discovery rule would still be negated as a matter of law

because there is no genuine issue of material fact about when the Trustee knew, or in the exercise

of reasonable diligence should have known, these things.

18.     As noted above, Plaintiff asserts, albeit without support, that he did not know of the

injury to Debtor because he had no reason to suspect that this was not an "ordinary bankruptcy"

or that Plummer's conduct should be investigated until some unidentified time after he was

appointed. But the summary judgment evidence conclusively establishes beyond any possible

doubt that from the very beginning of the Bankruptcy Case, creditors, parties in interest, the Court

and Trustee when appointed knew, or certainly should have known, that this was not a garden

variety bankruptcy and that significant legal issues related to Plummer, the Debtor and other

Plummer entities needed to be investigated.[13]  Specifically, some of these legal issues related to

---

[12]  *Marcus & Millichap*, 659 S.W.3d at 462.

[13]  Indeed, upon his appointment the Trustee was statutory obligated to investigate the financial affairs of
the Debtor.  See, 11 U.S.C. § 704(a)(4) ("The trustee shall—investigate the financial affairs of the debtor.");

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 8**

fraud litigation initiated by investors and investigations and judgments related to fraudulent conduct initiated by state and federal regulatory agencies.

19.       As set forth in detail in Defendant's MSJ Brief, these facts were well known and documented in the Bankruptcy Case record as early as December 5, 2017, when creditor Baker Hughes (which would only days later become the chair of the Official Unsecured Creditors Committee (the "UCC")) filed its Objection.[14] Baker Hughes' Objection disclosed the creditor's heightened concerns about the Debtor's chapter 11 proceeding, Plummer's pre-petition discovery abuses, and the Debtor's relationships with its affiliated entities.  The Objection further alerted the Court, creditors and interested parties of Plummer's unethical and dishonest conduct (including the FINRA Decision), raised significant questions about Plummer's management of the Debtor, and revealed why the Bankruptcy Case would "not be a garden variety chapter 11 debtor case and that facts when fully developed would support replacement of existing management and appointment of a trustee."[15] These warnings came to fruition on January 11, 2018, when the UCC

---

11 U.S.C. § 1106(a)(3) ("A trustee shall -- except to the extent that the court orders otherwise, investigate the acts, conduct, assets, liabilities, and financial condition of the debtor."); see also, *Commodity Futures Trading Com v. Weintraub*, 471 U.S. 343, 352 (1985) (recognizing the extensive powers and duties of a trustee's and that "[h]e is directed to investigate the debtor's financial affairs [ ] and is empowered to sue officers, directors, and other insiders [ ]."); *Louisiana World Exposition v. Federal Ins. Co*., 858 F.2d 233, 246 (5th Cir. 1988) ("As one of its duties, a trustee is not only entitled to but *must* collect property of the estate," and recognizing that "that a trustee--and, therefore, a debtor-in-possession--has the authority to bring an action for damages on behalf of a debtor corporation against corporate principals for gross negligence, mismanagement or breach of fiduciary duty where such an action could have been asserted by the debtor corporation, or by its stockholders in a derivative action, prior to bankruptcy."); *Baron v. Sherman (In re Ondova Ltd. Co.)*, 2017 Bankr. LEXIS 325 at *40 (Bankr. N.D. Tex., Feb. 1, 2017) (recognizing scope of trustee's duties set forth in section 704), *adopted*, 2018 U.S. Dist. LEXIS 13439 (N.D. Tex., Jan. 26, 2018), *aff'd*, 914 F.3d 990 (5th Cir. 2019).

[14]  See MSJ Brief, Ex. C. Appx. 89-96.

[15]  Appx. Ex. C at 90 [Doc. 30 at p. 2]

filed its emergency motion to appoint a trustee which resulted in the appointment of Jason Searcy as the chapter 11 trustee of the Debtor on January 19, 2018.[16]

20. Clearly, these public filings establish that a reasonable person, including the Trustee, was on constructive inquiry notice of the need to investigate Plummer and the Debtor's financial affairs. Plaintiff acknowledged this inescapable reality in his *Trustee's Original Complaint* filed in the Plummer Adversary in which he specifically alleged that "[f]rom the beginning of this case, creditors and parties in interest were aware of significant legal issues related to Mr. Plummer, the Debtor, and the other Plummer Entities. Those issues related to both (a) fraud litigation initiated by investors, and (b) investigations/judgments related to fraudulent conduct initiated by state and federal regulatory agencies." (emphasis added).[17] This admission itself belies the unsupported, conclusory assertion in Plaintiff's Declaration that he somehow could not realize these things until some undisclosed point in the future.

21. It is telling that Trustee's MSJ Response fails to respond to the conclusive effect of this summary judgment evidence, as is the lack of any attempt by Plaintiff to suggest that he could not have known the facts that were plainly on display in the Bankruptcy Case record. The fact that this evidence conclusively establishes that the Trustee, at the very least, should have known of the need to investigate Plummer and Debtor's financial affairs from the very beginning is undeniable.

22. Plaintiff also ignores the Texas cases establishing that the Trustee is charged with knowledge of the contents of the Bankruptcy Case file for purposes of determining what the Trustee knew or should have known when analyzing the accrual date under the discovery rule.[18]

---

[16] Oftentimes, the appointment of a chapter 11 trustee generally is based on misconduct or mismanagement of the debtor entity. See, 11 U.S.C. § 1104(a)(1).

[17] Appx. Ex. B at 55. [Adv. No. 19-03237, Doc. 1-1 at ¶ 6].

[18] *United Healthcare Servs., Inc. v. First Street Hosp. LP*, 570 S.W.3d 323, 336 (Tex. App. -- Houston [1st Dist.], 2018, pet. denied); *Hooks v. Samson Lone Star, Ltd. P'ship*, 457 S.W.3d 52, 57, 59 (Tex. 2015); *Fields v. Fields*, 2022 WL 2836808 (Tex. App.-- Houston [1st Dist.], July 21, 2022, pet. filed) (mem. op.)

Regardless of whether the Trustee actually reviewed the Bankruptcy Case file, the information found in these readily available court records placed the Trustee on inquiry notice, and therefore, accrual of the cause of action was no longer delayed, as a matter of law.[19]

23.     Similarly, Plaintiff does not dispute that the "red flags" which Plaintiff now claims are evidence of Defendant's alleged culpability were plainly reflected in the Bankruptcy Case record and patently discoverable. Nor does Plaintiff dispute that these "red flags" are clearly related to the Participation Claim. The reason is apparent: it simply is not possible for Plaintiff to credibly argue that the lawsuits and enforcement actions against Plummer, the FINRA Decision, and Defendant's representation of Debtor and Plummer in those proceedings would not cause a reasonable person to make an inquiry. To the contrary, these "red flags" (knowledge of which is charged to Plaintiff as a matter of law) are the very basis of the Participation Claim, as the First Amended Complaint reflects.

24.     Finally, Plaintiff does not dispute the commonsense proposition that the same information that clearly placed Trustee on inquiry notice of the underlying breach of fiduciary duty claim against Plummer also placed him on inquiry notice of the aiding and abetting/participation claim asserted against Defendant which is premised on the very same breach of fiduciary duty, particularly since the focus of the inquiry is the injury, not the cause.[20]

---

*In re Hoskins*, 2018 WL 6815486, at *8 (Tex. App.--Corpus Christi-Edinburg, Dec. 27, 2018, orig. proceeding) (mem. op.).

[19] *See* MSJ Brief at pgs. 20-25 [Doc. 63 at 25-30]

[20] *Cupersmith v. Piaker & Lyons P.C.*, 2016 WL 5394712, at *7 (N.D.N.Y., Sept. 27, 2016), *aff'd*, 748 F. App'x 368 (2d Cir. 2018) (inquiry notice of the underlying fraud also placed plaintiffs on inquiry notice of aiding and abetting claims premised on that fraud) (citing *Adams v. Deutsche Bank AG*, 2012 WL 12884365, at * (S.D.N.Y., Sept. 24, 2012).

**(4) <u>The Statutory Discovery Rule Relied upon by Plaintiff does not apply.</u>**

25.     Rather than attempting to address the relevant and controlling issues under the Texas common law discovery rule, which would have been futile for the reasons set forth above, Plaintiff attempts to distract the Court by citing cases applying the statutory discovery rule applicable to actual intent fraudulent transfer claims under the Texas Uniform Fraudulent Transfer Act. Of course, that rule has no application to the common law Participation Claim at issue here, to which the common law discovery rule applies. Plaintiff does not cite any authority for the proposition that this statutory discovery rule should apply to the common law Participation Claim at issue here. Not surprisingly, research did not reveal a single case applying this statutory discovery rule to any Texas common law claim.

26.     This distinction is critical because the statutory discovery rule, unlike the common law discovery rule, specifically provides that an actual intent fraudulent transfer claim does not accrue until all the elements of the cause of action are discovered, i.e., until the claimant knew or reasonably could have known <u>both</u> of the transfer and that it was fraudulent in nature.[21] As the Fifth Circuit explained, under this statutory discovery rule, the cause of action accrues when all the elements of the cause of action are discovered or should have been discovered.[22]

27.     The Texas common law discovery rule, by contrast, has no such requirement. In fact, it is directly contrary to the statutory rule because it is well settled that under the common law discovery rule accrual of the cause of action is <u>not</u> deferred until plaintiff discovers all the elements of a cause of action.[23] Instead, accrual under the common law discovery rule is triggered by

---

[21] *Janvey v. Suarez*, 978 F. Supp.2d. 685, 703 (N.D. Tex. 2013) (citing *Janvey v. Democratic Senatorial Campaign Comm., Inc.*, 712 F.3d 185, 193 (5th Cir. 2013).

[22] *Janvey*, 712 F.3d at 195.

[23] *Porter*, 957 F.Supp. at 1438; *Tarpley,* 1998 WL 133122, at *3; *Seibert v. Gen. Motors Corp.*, 853 S.W.2d 773, 776 (Tex. App.–Houston [14th Dist.] 1993, no writ); *Alvarado v. Abijah Grp., Inc.*, 2015 WL 4603542, at *3 (Tex. App.—Austin July 29, 2015, no pet.) (citing *KPMG*, 988 S.W.2d 746,749 (Tex. 1999)).

knowledge of the injury and is subject to the rules of constructive inquiry notice which, in this case, clearly charge Plaintiff with knowledge of the matters reflected in the filings in the Bankruptcy Case.  The filings, in turn, unquestionably establish constructive inquiry notice of the very facts the Plaintiff now claims are evidence of the Participation Claim against Defendant.

28.     In summary, when the Trustee was appointed, the injury and the need to investigate Plummer's conduct was not inherently undiscoverable and, therefore, the discovery rule does not apply to the Participation Claim. When information is available from a public source, Texas courts have held that the injury is not "inherently undiscoverable," and thus, the discovery rule does not apply.[24]

29.     As explained in Defendant's brief in support of the Summary Judgment Motion, this result is consistent with the very recent decision from the Dallas Court of Appeals in *Willow Tree Consulting Group, LLC, Liquidating Trustee of the TH Liquidating Trust v. Perkins Coie LLP and Perkins Coie LLC*.[25] In that case, the Dallas court recognized that although an injury is presumed to be inherently undiscoverable in the fiduciary context for purposes of the discovery rule, where the record conclusively establishes that the injury was not inherently undiscoverable, tha the presumption disappears, and it is not to be weighed or treated as evidence.[26]

30.     Here, as in *Willow Tree*, the record conclusively establishes that neither the injury nor the need to investigate were inherently undiscoverable. To the contrary, as this Court already

---

[24]  *Vallecillo v. Wells Fargo Bank, N.A., C.A.*, 2018 WL 3603120, at *6 (W.D. Tex. May 15, 2018) (when information concerning the injury is contained in public records, especially records that plaintiffs or their representatives would have reason to view, "the injury cannot be regarded as 'inherently undiscoverable.'") (citing *Jones v. Texaco, Inc.*, 945 F. Supp. 1037, 1043 (S.D. Tex. 1996)). *See also Duthu v. Pena*, 2000 WL 1056127, at *9 (5th Cir. July 20, 2000) (affirming summary judgment on limitations when pertinent public records established injury was inherently discoverable, and thus, no justification for applying discovery rule).

[25]  2023 WL 575263 (Tex. App. – Dallas, Feb. 13, 2024, no writ).

[26]  2024 WL 575263, at *4.

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO DEFENDANT'S
MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 13**

observed, "[p]laintiff takes the position that the 'legal injury' was the bankruptcy filing. Obviously, this was not 'inherently undiscoverable.'"[27]

### B. The Court's Denial of Defendant's Motion to Dismiss Does not Preclude Defendant's Summary Judgment Motion.

31.     Plaintiff's suggestion that the Court's prior denial of Defendant's Rule 12(b)(6) request to dismiss the Participation Claim is dispositive of the limitation issue for purposes of summary judgment is without merit. It is well established that a court's denial of a Rule 12(b)(6) motion based on a limitations defense does not preclude a defendant's re-urging the issue on summary judgment.[28] The earlier ruling does not indicate an implicit agreement with plaintiff as to potential merits of its claims, but only that plaintiff should be allowed to proceed.[29]  Similarly, the law of the case doctrine does not prevent the court from reaching a conclusion on summary judgment different from the conclusion reached at the motion to dismiss stage.[30]

---

[27]  Doc. 53 at pgs. 33-34.

[28]  *Lockheed Martin Corp. v. Network Solutions, Inc.*, 141 F.Supp.2d 648, 654 (N.D. Tex. 2001); *USPPS, Ltd. v. Avery Dennison Corp.*, 326 Fed. Appx. 842, 850-51 (5th Cir. 2009) (reversing dismissal based on limitations and recognizing the difficulty of determining issue at the dismissal stage and that consideration of issue at different stage after discovery appropriate), *on remand*, report and recommendation, 2010 U.S. Dist. LEXIS 84450 (W.D. Tex., March 18, 2010) (recommending granting summary judgment on limitations defense), *adopted*, 2010 U.S. Dist. LEXIS 81701 (W.D. Tex., June 4, 2010), appeal transferred, 647 F.3d 274 (5th Cir. 2011), *aff'd*, 676 F.3d 1341 (Fed. Cir. 2012), *vacated and remanded*, 133 S. Ct. 1794, *on remand*, *aff'd*, 541 Fed. Appx. 386 (5th Cir. 2013); *Berrios v. Cox*, 2024 U.S. Dist. LEXIS 3675 at *29 (W.D. Tex., Jan. 5, 2024) (denying dismissal based on expiration of limitations but recognizing that such ruling did not prevent "reasserting statute of limitations defense at summary judgment or trial."); *Stabilis Fund II, LLC v. Compass Bank*, 2018 U.S. Dist. LEXIS 126700 at *10 (N.D. Tex., July 30, 2018) (declining to find at the dismissal stage that statute of limitations bars claims based on face of complaint); *Gallier v. Woodbury Fina. Servs.*, 2015 U.S. Dist. LEXIS 67448 *15-16 (S.D. Tex., May 26, 2015) (dismissal based on statute of limitation not appropriate at Rule 12(b)(6) stage).

[29]  *Id*.

[30]  *Lockheed Martin Corp.*, 141 F.Supp.2d at 648 (citing *Loumar v. Smith*, 698 F.2d 759, 762 (5th Cir.1983)); *see also Keeshan v. Eau Claire Coop. Health Ctrs., Inc.*, 2007 WL 2903962, at *22 (D.S.C. Oct. 2, 2007) (denial of a motion to dismiss on an issue does not preclude the granting of summary judgment on that same issue, as these motions are evaluated under different standards).

**C. Defendant is Entitled to Summary Judgment on Plaintiff's Constructive Fraudulent Transfer Claims as Plaintiff has Failed to Raise a Genuine Issue of Material Fact Evidencing that Debtor did not Receive Reasonably Equivalent Value in Exchange for the Transfers to Defendant.**

32.     Plaintiff has not submitted any competent summary judgment evidence in response to Defendant's request for partial summary judgment or findings under Rule 56(g) of the Federal Rules of Civil Procedure  that (1) the Debtor, its affiliates and Plummer constituted and operated a single business enterprise, and (2) that the Debtor benefited and received value for legal services Defendant rendered to the business enterprise regardless of whether such services were rendered directly to Debtor, Debtor's affiliates, or to Plummer.

33.     Rather, Plaintiff contends that collateral estoppel should apply in this proceeding so that certain findings of the Court contained in its *Order Granting Trustee's Amended Motion for Entry of Judgment* [Doc. 171] (the "Plummer Judgment") entered in *Yaquinto v. Plummer*, Adv. 19-03237 (the "Plummer Adversary") preclude Defendant's requested relief.  In short, Plaintiff seeks to bind Defendant to the Court's findings in the Plummer Judgment although Defendant was not a party to the Plummer Adversary or in privity with Plummer.  This Plaintiff cannot due under well-established precedent.

34.     Collateral estoppel,[31] i.e., issue preclusion, bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim… [and] preclud[es] parties from contesting matters that they have had a full and fair opportunity to litigate."[32] The doctrine,

---

[31]  Collateral estoppel applies where "(1) the facts sought to be litigated in a second action were fully and fairly litigated in an earlier action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Reticulum Mgmt., LLC v. Dean (In re Dean)*, 2021 Bankr. LEXIS 3315 at *16-17 (Bankr. N.D. Tex., Dec. 3, 2021), citing, *Gupta v. Eastern Idaho Tumor Institute, Inc. (In re Gupta)*, 394 F.3d 347, 351 n.4 (5th Cir. 2004).
[32]  *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 15**

however, does not apply to a person who was not a party to the suit, one who did not have a "'full and fair opportunity to litigate the claims and issues settled in the first suit."[33]

35.     Here, Defendant is neither in privity with Plummer nor has it had a full and fair opportunity to litigate and contest the issues raised by Plaintiff in the Plummer Adversary which formed the basis of the Court's findings contained in the Plummer Judgment.[34]  As a consequence, collateral estoppel is inapplicable to bind Defendant to the Court's findings in the Plummer Adversary.

36.     In contrast to Plaintiff's attempted use of offensive collateral estoppel, Defendant's use of defensive collateral estoppel in its Summary Judgment Motion to bind Plaintiff to the Court's findings and conclusions in the Court's CBS Radio Ruling is a well-accepted concept. Defensive collateral estoppel "prevents a plaintiff from litigating the same issue against successive defendants after that issue has been decided adversely to that plaintiff."[35]  When the requirements of defensive collateral estoppel are satisfied, its application is mandatory.[36]  In this instance, after

[33] *Id*. at 892-93 ("'one is not bound by a judgment *in personam* in a litigation in which he is not designated as a party or to which he has not been made a party by service of process.'"). While several exceptions to this rule exist, none apply here.  See *Id*. at 893-95; see also, *Gen. Land Office of Tex v. Biden*, 71 F.4th 264, 270 (5th Cir., 2023) ("Privity 'is not established by the mere fact that persons may be interested in the same question or in proving the same set of facts.'"); *Hardy v. Johns-Manville Sales Corp*., 681 F.2d 334, 340 (5th Cir. 1982) (same).

[34] See, *Cycles, Ltd. v. Navistar Fin. Corp.*, 37 F.3d 1088, 1090-91 (5th Cir. 1994) (explaining how a plaintiff pursuing two actions against two separate defendants could not have used its victory against one defendant to win the case against the other, since the second defendant "neither had a chance to contest its liability nor was in privity with a party that did.").

[35] *Ackerman v. American Airlines, Inc.*, 924 F. Supp. 749, 752 (N.D. Tex. 1995); see also, *Dean*, 2021 Bankr. LEXIS 3315 at *17 ("The federal principle of collateral estoppel precludes re-litigation of an adversely decided issue by a party who has once had a full and fair opportunity to litigate the issues, regardless of whether his present adversary was a party to the lawsuit.") (citations omitted).

[36] *Ackerman*, 924 F. Supp. at 753 ("The application of defensive collateral estoppel is mandatory when the requirements have been met."); *Ortiz v. Minn. Life Ins. Co.*, 2023 U.S. Dist. LEXIS 106211 at *23 (E.D. Tex., June 16, 2023) (same), *report and recommendation adopted by*, 2023 U.S. Dist. LEXIS 164455 (E.D. Tex., Sept. 15, 2023); *Cox v. Vela*, 2013 U.S. Dist. LEXIS 68751 at *14-15 (S.D. Tex., May 14, 2013) (same).

Plaintiff had a full and fair opportunity to litigate its claims and issues against CBS Radio, the Court made findings and conclusions concerning the Debtor's relationship with its affiliates. Those findings and conclusions are now binding on Plaintiff for purposes of this adversary.

37.     Lastly, Plaintiff contends that Defendant should be denied relief as it failed to demonstrate how the Transfers it received benefited the Debtor. However, for purposes of the Constructive Fraudulent Transfer Claims, Plaintiff bears the burden to prove lack or less than reasonably equivalent value in exchange for the transfer under TUFTA § 24.005(a)(2) and 11 U.S.C. § 548(a)(1)(B).[37]

38.     As Plaintiff has not provided any competent summary judgment evidence to show a genuine issue of material fact that Debtor did not receive reasonably equivalent value for the Transfers, Defendant is entitled to partial summary judgment or findings under Rule 56(g) of the Federal Rules of Civil Procedure that (1) the Debtor, its affiliates and Plummer constituted and operated a single business enterprise, and (2) that the Debtor benefited and received value for legal services Defendant rendered to the business enterprise regardless of whether such services were rendered directly to Debtor, Debtor's affiliates, or to Plummer.[38]

---

[37] See, *Yaquinto v. CBS Radio, Inc. (In re Tex. E&P Operating, Inc.)*, 2022 Bankr. LEXIS 1932 at *47-48 (Bankr. N.D. Tex., July 13, 2022); *Osherow v. Nelson Hensley & Consol. Fund Mgmt, LLC (In re Pace)*, 456 B.R. 253, 270 (Bankr. W.D. Tex. 2010), citing, *Tow v. Pajooh (In re CRCGP LLC)*, 2008 Bankr LEXIS 4238 at * 27 (Bankr. S.D. Tex., Aug. 28, 2009) and *Ingalls v. SMTC Corp. (In re SMTC Mfg. of Tex.)*, 421 B.R. 251, 300 (Bankr. W.D. Tex. 2009); *Zehr v. Osherow*, 2019 U.S. Dist. LEXIS 8822 at *14 (S.D. Tex., Jan. 17, 2019) ("trustee must demonstrate that debtor "received less than a reasonably equivalent value in exchange for such transfer.")

[38] See, *Halperin v. Wills (In re Senior Care Ctrs., LLC)*, 2023 Bankr. LEXIS 2653 at * 77-102 (Bankr. N.D. Tex., Oct. 29, 2023) (awarding defendant summary judgment on constructive fraudulent transfer claims where plaintiff failed to point to competent summary judgment evidence of debtor's receipt of lack of reasonably equivalent value for transfers); *Tow v. Amegy Bank N.A.*, 505 B.R. 455, 466 (S.D. Tex. 2014) (awarding defendant summary judgment on constructive fraudulent transfer claim were plaintiff failed to point to summary judgment evidence showing that transferor failed to receive reasonably equivalent value of asset transferred).

**DEFENDANT'S REPLY TO TRUSTEE'S RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT – Page 17**

## III. **PRAYER**

WHEREFORE, for the foregoing reasons, Defendant requests that the Court grant Defendant's Motion for Partial Summary Judgment and enter a take nothing judgment in favor of Defendant on Plaintiff's claim for aiding and abetting/knowing participation in Plummer's breach of fiduciary duty to Debtor, and on Plaintiff's Constructive Fraudulent Transfer Claims under principles of Collateral Estoppel arising from the Court's single enterprise finding and conclusion in the CBS Radio Proceeding.  Defendant further requests that the Court grant it such other and further relief to which it may be justly entitled.

Dated:  April 5, 2024.

Respectfully submitted,

/ s / *John P. Lewis, Jr.*
John P. Lewis, Jr.
Texas State Bar No. 12294400
James S. Brouner
Texas State Bar No. 03082785
Hayward & Associates, PLLC
10501 N. Central Expressway, Suite 106
Dallas, Texas 75231
Telephone & Facsimile:  972-755-7106
Email: jplewis@haywardfirm.com
Email: jbrouner@haywardfirm.com

Greg K. Winslett
State Bar No. 21781900
Richard L. Smith, Jr.
State Bar No. 18671200
QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER PC
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 871-2100
Facsimile:  (214) 871-2111
Email: gwinslett@qslwm.com
Email: rsmith@qslwm.com

ATTORNEYS FOR KRAGE & JANVEY, LLP,
DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2024, a true and correct copy of the foregoing *Defendant's Reply to Trustee's Response to Defendant's Motion for Partial Summary Judgment* was served by email attachment and electronic transmission through the Court's ECF noticing system on the persons listed below:

Michael J. Lang
Alexandra J. Ohlinger
1700 Pacific Avenue, Suite 2390
Dallas, Texas 75201

*/s/ John P. Lewis, Jr.*
John P. Lewis, Jr.